MILWAUKEE MUTUAL INSURANCE COMPANY,
Plaintiff-Appellant,

Michael A. ALBRIGHT, Plaintiff,

V.

Tony L. PRIEWE and Regent Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 82–2238. Submitted on briefs October 13, 1983.—*
*Decided January 18, 1984.*
(Also reported in 348 N.W.2d 585.)

For the plaintiff-appellant the cause was submitted on the briefs of *William O. Salen* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C.,* of Janesville.

For the defendants-respondents the cause was submitted on the brief of *Theodore V. Lyons, Jr.* and *Wickhem, Buell, Meier, Wickhem & Southworth* of Janesville.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

GORDON MYSE, Reserve Judge. This is an appeal from an order which granted respondent's motion for summary judgment and dismissed appellant's alternative

claims for contribution and indemnification. We affirm
the trial court on the issue of contribution, but remand
the indemnification claim for trial.

Appellant's insured and his wife were injured in an
automobile collision with respondent's insured. Appellant
paid the medical expenses of its insured's wife on August
20, 1979. It commenced this action on August 13, 1981,
to recover those medical expenses.

The trial court dismissed appellant's claim for contri-
bution because it was commenced more than one year
from the date of payment and was thus barred by the
statute of limitations. Sec. 893.92, Stats.[1] The trial
court rejected the indemnification claim because it con-
cluded respondents were not obligated to indemnify ap-
pellant.

On review of a summary judgment, we look to the
pleadings for a claim, a defense and factual issues. *In re
Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d
580, 583 (Ct. App. 1983). If those requisites are met,

[T]he court examines the moving party's affidavits for
evidentiary facts admissible in evidence or other proof
to determine whether that party has made a prima facie
case for summary judgment. To make a prima facie case
for summary judgment, a moving defendant must show
a defense which would defeat the claim. If the moving
party has made a prima facie case for summary judg-
ment, the court examines the affidavits submitted by the
opposing party for evidentiary facts and other proof to
determine whether a genuine issue exists as to any ma-
terial fact, or reasonable conflicting inferences may be
drawn for the undisputed facts, and therefore a trial is
necessary. [Citation omitted.]

*Id.*

---

[1] Section 893.92, Stats., states:

An action for contribution based on tort, if the right of con-
tribution does not arise out of a prior judgment allocating the
comparative negligence between the parties, shall be commenced
within one year after the cause of action accrues or be barred.

*Contribution Claim*

Appellant commenced its contribution action on August 13, 1981, two years after it paid the insured's wife's claim. Appellant's claim for contribution accrued when it made the payment. *State Farm Mut. Automobile Ins. Co. v. Schara*, 56 Wis. 2d 262, 266, 201 N.W.2d 758, 760 (1972).[2] Appellant was required to commence its contribution action within one year of accrual. Sec. 893.92, Stats. The contribution action was therefore barred, and summary judgment dismissing the claim was proper.

Appellant contends that sec. 893.12, Stats., extended the one-year statute of limitations under sec. 893.92 to three years from the date of payment. Section 893.12 states:

The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285 (1), whichever is greater.

Section 893.12, Stats, when read with sec. 885.285(3), Stats., refers to advance payments or settlements to be credited against final settlement or judgment.[3] Appellant's payment was a final settlement rather than an advance payment. Further, appellant's reading of sec. 893.12 would impose a three-year statute of limitations on all contribution actions arising from payment, rendering sec. 893.92 a nullity. Appellant is not entitled to a

[2] Payment, not the determination of proportional responsibilities, starts the one-year period running.

[3] This was the case in *Abraham v. Milwaukee Mutual Insurance Co.*, 115 Wis. 2d 678, 341 N.W.2d 414 (Ct. App. 1983), where partial payment was made on property damage which entitled the plaintiff to three years minimum from the date of last payment in which to bring an action for his personal injury claim.

three-year limitation under sec. 893.12 on its contribution action.

We reject appellant's contentions that sec. 893.92, Stats., denies equal protection and is unconstitutionally vague. Contribution claims arising from judgment have a longer statute of limitations than those arising from payment. This classification of contribution actions has a rational basis. In contribution actions arising from judgment, the liable contributor is presumably made aware of a potential action and will preserve evidence in anticipation of it. Those liable for contribution arising out of another's payment to an injured party may have no such awareness. Actions must be commenced sooner against them under sec. 893.92, Stats., before evidence is lost. The statute therefore does not deny equal protection. *Binder v. Madison,* 72 Wis. 2d 613, 622, 241 N.W.2d 613, 618 (1976) ; *Omernik v. State,* 64 Wis. 2d 6, 18–19, 218 N.W.2d 734, 741–42 (1974).

Section 893.92, Stats., is not vague so as to deny "fair notice and proper standards for adjudication." *State v. Courtney,* 74 Wis. 2d 705, 709, 247 N.W.2d 714, 718 (1976). Claims for contribution arising from payment have a one-year statute of limitations. When payment is made, contribution claims should be commenced within one year.

## Indemnification Claim

Indemnification and contribution were distinguished in *Swanigan v. State Farm Ins. Co.,* 99 Wis. 2d 179, 196, 299 N.W.2d 234, 242 (1980) :

There are two doctrines generally applicable to the distribution of the loss among persons liable for the

same harm—contribution and indemnity. Although the doctrines are distinct, the two do tend to merge. Contribution distributes the loss by requiring each person to pay his proportionate share of the damages on a comparative fault basis. Indemnification shifts the entire loss from one person who has been compelled to pay it to another who on the basis of equitable principles should bear the loss. [Citations omitted.]

"At common law the plaintiff is entitled to recover on the general principles of indemnity, where it has been obliged to pay damages by reason of the torts of another." *Milwaukee v. Boynton Cab Co.*, 201 Wis. 581, 586, 229 N.W. 28, 30 (1930). No contractual arrangement between appellant and respondent or respondents was necessary to support the indemnification claim. *Kjellsen v. Stonecrest, Inc.*, 47 Wis. 2d 8, 11, 176 N.W.2d 321, 323 (1970).

Appellant contends that it was compelled by its insurance contract with the insured to pay for the damages of the insured's wife. Appellant's complaint alleges those damages were the sole responsibility of the respondents and that therefore indemnity is due. The trial court stated: "Nothing that the court is aware of compelled [appellant] Milwaukee Mutual to settle the claim." Payment was made, however, pursuant to an insurance policy. It was therefore not voluntary but compelled by law. Thus the indemnification claim was proper.

Factual issues exist as to the indemnification claim. Appellant's claim is not barred by the statute of limitations if it is one for indemnity; an apportionment of negligence will determine whether the claim is for indemnity or contribution. We remand this case for trial on appellant's indemnification claim.

*By the Court.*—Order reversed and claim remanded for proceedings consistent with this opinion.