Carmen PARR, Plaintiff-Appellant,†

ABC INSURANCE COMPANY, Plaintiff,

v.

MILWAUKEE BUILDING & CONSTRUCTION TRADES, AFL-CIO, Defendant-Respondent,

The HANOVER INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 92–1909. Submitted on briefs February 24, 1993.—Decided May 11, 1993.*

(Also reported in 501 N.W.2d 858.)

†Petition to review denied.

141

142

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Michael Riley* and *Alan G. B. Kim, Jr.*, of *Atterbury, Riley & Luebke, S.C.*, of Madison.

On behalf of defendant-respondent, the cause was submitted on the brief of *Carroll Metzner* and *David J. Pliner* of *Bell, Metzner, Gierhart & Moore, S.C.*, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Carmen Parr appeals an order dismissing her personal injury action against Milwaukee Building and Construction Trades, AFL-CIO, hereinafter Milwaukee Trades.[1] The trial court found that her action was barred under sec. 893.54, Stats., because it was not commenced within the three-year period.[2] Parr contends that the three-year statute of

---

[1] The trial court's amended order of dismissal preserved Parr's contract claim against Hanover for medical expenses ostensibly governed by a six-year statute of limitations. This court therefore accepted jurisdiction only as to the final order of dismissal of the personal injury claim.

[2] Section 893.54 provides in part:

The following actions shall be commenced within 3 years or be barred:
  (1)   An action to recover damages for injuries to the person.

143

limitations should be extended because an uncashed check, given to her by The Hanover Insurance Company, Milwaukee Trade's insurer, constituted a "payment" under sec. 893.12, Stats.,[3] which extends the time for bringing an action where a partial payment is made in settlement of the claim. Because Parr failed to either cash the check or otherwise indicate her acceptance of a partial payment, sec. 893.12 does not apply and the action was untimely filed and properly dismissed. We affirm the judgment.

The relevant facts, which are undisputed for purposes of this appeal,[4] are as follows: Carmen Parr was

---

[3] Section 893.12 provides in part:

> The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.

Section 885.285, Stats., provides in part:

> (1)   No admission of liability shall be inferred from the following:
>     (a)   A settlement with or any payment made to an injured person, or to another on behalf of any injured person, or any person entitled to recover damages on account of injury or death of such person; or
>     (b)   A settlement with or any payment made to a person or on the person's behalf to another for injury to or destruction of property.

[4] There are several discrepancies in the appellate record. The relevant pages of the deposition of a Hanover employee describing the check at issue to which both sides refer is not in the record, nor is the check itself part of the record. Ordinarily, assertions of fact that are not part of the record will not be considered. *See Jenkins v. Sabourin,* 104 Wis. 2d 309, 313–14, 311 N.W.2d 600, 603 (1981). Parr's appellate brief, however, includes the relevant pages of the deposition, and Milwaukee Trades makes references to the "facts" stated therein as undis-

injured on September 3, 1988, when she fell on premises owned and operated by Milwaukee Trades. In November of the same year, Milwaukee Trades' insurer, Hanover, sent her a check for $700 with the notation that it was "full and final payment regarding any and all claims." Parr retained the check without cashing it, and Hanover "put a stop-payment on the check" on March 1, 1989.

More than three years after her injury, Parr brought suit against Milwaukee Trades and Hanover. Milwaukee Trades then filed a motion seeking dismissal because the action was not filed within three years as required by sec. 893.54, Stats., while Parr maintained that the act of sending her a check constituted a

---

puted. It also appears that the trial court considered the deposition testimony in making its decision. We therefore treat the deposition excerpts appended to Parr's brief as facts of record.

Further, while sec. 802.06(2), Stats., states that a motion to dismiss based upon a statute of limitations defense invokes the summary judgment procedure, we reject the affidavit of Parr's attorney as relevant evidence in opposition to the motion. Parr's counsel filed an affidavit stating that: "A payment was made to Carmen Parr by Hanover Insurance Company on or about November 26, 1988. Pursuant to sec. 893.12, Wis. Stats., said payment extended the time for the filing of action in this matter for three years from the date of that payment." Affidavits that contain allegations of ultimate facts, conclusions of law or statements other than evidentiary facts do not meet the sec. 802.08 requirement that affidavits in opposition to summary judgment must be based on personal knowledge. *Krieg v. Dayton-Hudson Corp.*, 104 Wis. 2d 455, 465, 311 N.W.2d 641, 646 (1981). Finally, in addition to the conclusory nature of his affidavit, his statement may also be inadmissable hearsay. *See Fritz v. McGrath*, 146 Wis. 2d 681, 689, 431 N.W.2d 751, 755 (Ct. App. 1988).

145

payment under sec. 893.12. The trial court granted the defense motion, and Parr appeals.

Milwaukee Trades argues that the undisputed facts establish that the insurer intended the settlement check as full and final payment and not a partial payment, pointing to the notation on the check as well as the testimony of Hanover's adjustor and her letter accompanying the check. Parr argues that the letter is ambiguous and raises an inference that the check was not intended as full settlement of the entire claim. Section 893.12, Stats., applies only to advance or partial payments, and not final or full payment. *Milwaukee Mut. Ins. Co. v. Priewe*, 118 Wis. 2d 318, 321, 348 N.W.2d 585, 587 (Ct. App. 1984). Thus, if the check represented an offer of full settlement, sec. 893.12 does not apply. Because we resolve the appeal on other grounds, we do not address this issue.

The cardinal rule of statutory construction is to determine the legislative intent. *Fireman's Fund Ins. Co. v. Pitco Frialator Co.*, 145 Wis. 2d 526, 530, 427 N.W.2d 417, 419 (Ct. App. 1988). Statutory construction is a question of law, and the court of appeals does not need to defer to the trial court's conclusion. *Lendman v. Lendman*, 157 Wis. 2d 606, 611, 460 N.W.2d 781, 783 (1990). Where a statute is ambiguous, we must ascertain the legislative intent as disclosed by the language of the statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished. *Ortman v. Jensen & Johnson, Inc.*, 66 Wis. 2d 508, 520, 225 N.W.2d 635, 642 (1975). The object to be accomplished by a statute must be given great weight in determining legislative intent. *Id.* In construing a motion to dismiss based

upon a statute of limitations, sec. 802.06(2), Stats., directs the use of summary judgment procedure. Summary judgment is appropriate where there is no genuine issue of material fact and only a question of law is at issue. *Bantz v. Montgomery Estates, Inc.*, 163 Wis. 2d 973, 978, 473 N.W.2d 506, 508 (Ct. App. 1991). We apply the same summary judgment methodology as the trial court and resolve the issue de novo. *Law Offices of Pangman v. Stigler*, 161 Wis. 2d 828, 834, 468 N.W.2d 784, 786 (Ct. App. 1991).

■ Parr maintains that the word "payment" is commonly understood to mean the act of tendering a check to another whether or not the tender is negotiated.[5] We

---

[5] Parr's only authority for her argument is sec. 628.46(1), Stats., which provides in part:

> *For the purpose of calculating the extent to which the claim is overdue*, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the U.S. mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery. (Emphasis added.)

This statute is inapposite. It reflects the legislature's decision to calculate the timeliness of an insurer's response to a claim from the time of mailing. This statutory definition is not relevant because it arises in a totally different context. Nevertheless, we agree that "payment" may in certain circumstances suggest tender of a check without necessity of acceptance.

However, in other cases involving other statutes, "payment" has been construed to require negotiation of the check. In *Smith v. Department of Taxation*, 264 Wis. 389, 392, 59 N.W.2d 479, 480 (1953), the supreme court, in construing the use of the word "payment" in context of a statute that allowed deductions under the income tax code, concluded: "A debt is not paid unless by mutual intention of the parties, for *payment* constitutes giving something of value and its acceptance in satisfaction." (Emphasis added.)

147

conclude that the word "payment" is ambiguous because it could also mean to require the negotiation of the check. "Payment. . . . A discharge of an obligation or debt, and part payment, *if accepted* . . . ." Black's Law Dictionary 1129 (6th ed. 1990) (emphasis added). The legislative history of sec. 893.12, Stats., contains no explanation of the meaning of the references to payment.

The usual purpose of statutes of limitations is to insure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost. *Riley v. Doe*, 152 Wis. 2d 766, 770, 449 N.W.2d 83, 84 (Ct. App. 1989). On the other hand, sec. 893.12, Stats., serves another purpose. It promotes judicial economy by encouraging settlement agreements without litigation. Parties may agree to partial settlements payable periodically beyond the ordinary statute of limitations without the payee losing the right to pursue the unpaid part of the claim. However, where the payor merely tenders a check that is not negotiated, there is no reason to extend the three-year statute. Absent unequivocal acceptance, the mere tender does not eliminate litigation, and thereby does not further the purpose of sec. 893.12. We conclude that "payment" requires an acceptance of a tendered check in order to extend the three-year statute.

In conclusion, because Parr's action was not commenced within three years of her injury as mandated by sec. 893.54, Stats., the action was untimely filed and properly dismissed.

*By the Court.*—Order affirmed.