Alfred E. SEAQUIST, Plaintiff-Appellant,

v.

PHYSICIANS INSURANCE COMPANY OF WISCONSIN, INC.,
Ajmal Matloob, M.D., Wisconsin Hospital Association
Liability Insurance Plan, Beloit Memorial Hospital,
Inc., Wisconsin Patients Compensation Fund,
Defendants-Respondents,†

BELOIT CORPORATION, Defendant.

Court of Appeals

*No. 94–1038. Submitted on briefs January 13, 1995.—Decided
March 9, 1995.*

(Also reported in 531 N.W.2d 437.)

†Petition to review denied.

531

For the plaintiff-appellant the cause was submitted on the briefs of *Larry B. Brueggeman, Dean M. Horwitz* and *Hope K. Olson* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.* of Milwaukee.

For the defendants-respondents, Ajmal Matloob, M.D., Physicians Insurance Company of Wisconsin, Inc., and Wisconsin Patients Compensation Fund, the cause was submitted on the brief of *Steven J. Caulum, Mary L. McDaniel* and *Teresa Mueller* of *Bell, Metzner, Gierhart & Moore, S.C.* of Madison.

For the defendants-respondents, Beloit Memorial Hospital, Inc. and Wisconsin Hospital Association Liability Insurance Plan, the cause was submitted on the brief of *Robert G. Krohn* of *Nowlan & Mouat* of Janesville.

Before Dykman, Sundby and Vergeront, JJ.

VERGERONT, J. Alfred Seaquist appeals from a summary judgment dismissing his medical malpractice claim against Physicians Insurance Company of Wisconsin, Inc., Ajmal Matloob, M.D., Wisconsin Hospital Association Liability Insurance Plan, Beloit Memorial Hospital, Inc. and Wisconsin Patients Compensation Fund (defendants).[1] The issue is whether the action was filed within the three-year statute of limitations, as extended by §§ 655.44(4)[2] and

[1] Beloit Corporation was also named as a defendant but is not involved in the appeal.

[2] Section 655.44(4), STATS., provides:

Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465 (7).

655.465(7),[3] STATS., of the medical mediation system. We conclude the action was timely filed and we reverse the judgment.

## BACKGROUND

Ajmal Matloob performed surgery on Seaquist's fractured right leg on September 19, 1989, at Beloit Memorial Hospital. On September 18, 1992, Seaquist filed a request for mediation with the Administrator of the Medical Mediation Panels (administrator),[4] alleging that he sustained injuries as a result of the negligence of Matloob and Beloit Memorial. Seaquist had not yet filed a civil action.

After receipt of the responses of Matloob and Beloit Memorial, the administrator issued a Notice of Mediation Session on November 4, 1992, scheduling a mediation session for December 7, 1992. The notice contained the following statement:

Please contact this office as soon as possible if you have a conflict with the above-scheduled session. Any party requesting a rescheduling of the mediation session must contact all parties to the Request for Mediation and must provide the

---

[3] Section 655.465(7), STATS., provides:

The period for mediation shall expire 90 days after the director of state courts receives a request for mediation if delivered in person or within 93 days after the date of mailing of the request to the director of state courts if sent by registered mail, or within a longer period agreed to by the claimant and all respondents and specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3).

[4] The Administrator of the Medical Mediation Panels administers the panels for the Director of State Courts, who is charged by statute with establishing the mediation system. Section 655.42(2), STATS.

Administrator with a mutually agreeable alternative date for the mediation session.

The notice was sent to Attorney Robert Krohn, who was representing Beloit Memorial, Attorney Steven Caulum, who was representing Matloob, and Attorney Stephen Frew, who was representing Seaquist at that time. On November 20, 1992, Attorney Larry Brueggeman sent notice to the administrator, with copies to Krohn, Caulum and Frew, that he had been retained to act as co-counsel for Seaquist and that all correspondence should be directed to his attention.

On November 30, 1992, Krohn's secretary, Gail Wolfe, contacted Frew to request a postponement of the December 7, 1992 mediation session. According to Wolfe's affidavit, "Frew advised [her] he had no objection to the cancellation of the December 7th hearing inasmuch as there would be other counsel handling the case. [She] was not asked to separately contact any other counsel for claimant to request cancellation of the hearing." Wolfe's affidavit states that she next contacted Attorney Caulum "who likewise consented to the cancellation." She then contacted the administrator's office and stated that the parties had agreed to the cancellation of the mediation session. She was advised that the session would be removed from the administrator's calendar.

Frew's affidavit disputes Wolfe's description of their conversation. His affidavit states that in response to the request for a continuance, he advised "that Mr. Brueggeman had taken over the case, that I would not be present December 7, 1992, due to my injuries, and that they should talk to Mr. Brueggeman on this matter." His affidavit also states that the person with whom he spoke indicated that she would follow up with Brueggeman's office.

537

Brueggeman's affidavit states that on November 30, 1992, the administrator's office called him and said that the December 7 mediation session had been cancelled and would be rescheduled in January. His affidavit states that he informed the office that he had not been consulted regarding the cancellation or plans to reschedule but had no objection. The administrator sent a letter to Frew, Brueggeman, Caulum and Krohn, dated November 30, stating: "[T]he December 7 mediation session has been cancelled and will be rescheduled at a later date."

No mediation had been scheduled by March 24, 1993, when Caulum wrote to the administrator requesting that the matter be dismissed because mediation had not occurred within the statutory time period. On March 26, 1993, a member of Brueggeman's firm wrote to the administrator stating that Krohn had requested the cancellation, stating that his office had not been consulted about the request, and asking that the mediation session be rescheduled.

On April 2, 1993, the administrator issued an amended notice of mediation session, scheduling a session for May 10, 1993. Caulum and Krohn each responded by filing with the administrator a motion to dismiss on the ground that the administrator no longer possessed "statutory jurisdiction of the parties to this matter." Seaquist's counsel opposed the motions. The administrator concluded that only a court could resolve the factual and legal disputes raised by the motions. In a letter to all counsel, he stated that in the event the court determined his office still had jurisdiction because of an extension of the mediation period, he was construing the motions to dismiss as a request to terminate that extension and he was terminating the

mediation period as of the date of the letter, April 30, 1993.

On May 17, 1993, Seaquist filed this action. The defendants moved for summary judgment on the ground that it was filed outside the three-year statute of limitations. The defendants acknowledged that the statute of limitations was tolled for the mediation period and an additional thirty days under § 655.44(4), STATS. But, according to the defendants, under § 655.465(7), STATS., the mediation period terminated ninety days after the administrator received Seaquist's request for mediation and, with the thirty additional days, plus an additional day because Seaquist filed his request a day before the original statute of limitations period expired, the statute of limitations expired on January 17, 1993.[5] The trial court concluded that under § 655.465(7), the mediation period can only be extended beyond ninety days if there is a written agreement extending it. Since it is undisputed there was no written agreement, the trial court granted the motion.

Seaquist argues on appeal that completion of mediation within ninety days is directory rather than mandatory under § 655.465(7), STATS., and that in this case the mediation period did not terminate until April 30, 1993, with the result that the court action was filed within the statute of limitations.[6] Defendants respond that the mediation period under subsec. (7) always ter-

[5] The parties appear to agree that the administrator received Seaquist's mediation request on September 18, 1992, and that the ninety-day period, rather than the ninety-three-day period, applies under § 655.465(7), STATS. In this opinion, we refer to the ninety-day period, although the ninety-three-day period may apply in other cases.

[6] Seaquist also argues that the defendants have waived or are estopped from asserting that the mediation period termi-

minates at the end of the ninety-day period, unless there is a written agreement extending it.

## STANDARD OF REVIEW

Summary judgment should be granted if there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS. Although there is a dispute of fact as to what Frew told Wolfe when she asked, on Krohn's behalf, for a rescheduling of the December 7 mediation session, we conclude, for the reasons we explain below, that this is not a dispute of material fact. Since no material fact *is* in dispute, this appeal presents a question of law, relating to the interpretation of § 655.465(7), STATS. That is an issue we decide *de novo*, without deference to the trial court's determination. *State ex rel. Hodge v. Town of Turtle Lake*, 180 Wis. 2d 62, 70, 508 N.W.2d 603, 605-06 (1993).

## DISCUSSION

*Interpretation of § 655.465(7), STATS.*

The medical malpractice mediation system consists of mediation panels that assist in the resolution of medical malpractice disputes. Section 655.42(2), STATS. Section 655.42(1) states that "[t]he legislature intends that the . . . system provide . . . [claimants and health care providers] with an informal, inexpensive and expedient means for resolving disputes without litigation and intends that the director of state courts administer the mediation system accordingly." Claim-

nated on December 17, 1992. We need not address this argument.

ants and all respondents named in a mediation request "shall participate in mediation." Section 655.43, STATS.

A claimant must choose one of two ways of participating in the mediation system. A claimant may first file a court action, in which case the claimant must then file a request for mediation within fifteen days of the court filing. Sections 655.44(5) and 655.445(1), STATS. All time periods under the statutes relating to scheduling are tolled until the expiration of the mediation period under § 655.465(7), STATS.; and no discovery, trial, pretrial conference or scheduling conference may take place during this time. Section 655.445(2) and (3). The alternative, selected by Seaquist, is to file a request for mediation before filing a court action. In this situation, the statute of limitations is tolled from the date the director of state courts receives the mediation request if delivered in person, or the date on which it is mailed by registered mail, and remains tolled until "30 days after the last day of the mediation period under s. 655.465(7)." Section 655.44(4), STATS.

Section 655.465(7), STATS., provides one definition of mediation period both for mediation requests filed after a court action is commenced and for mediation requests filed before. This subsection has been interpreted by both this court and the supreme court in the context of a mediation request filed after a court action was filed. But there has been no interpretation of this subsection where, as in this case, the mediation request is filed first.

In *Gauger v. Mueller*, 149 Wis. 2d 737, 439 N.W.2d 637 (Ct. App. 1989), plaintiffs requested mediation after filing a court action. Plaintiffs' counsel was unable to attend the mediation session and requested a continuance. The mediation director informed all par-

ties and suggested the plaintiffs' attorney reschedule the session. No session had taken place at the end of ninety days and there was no written agreement to extend the mediation period. Plaintiffs moved the trial court for an order extending the mediation period. The trial court denied the motion, concluding that plaintiffs' failure to participate in a mediation session within ninety days deprived the court of competency to exercise jurisdiction, and dismissed the action. *Id.* at 740, 439 N.W.2d at 637-38.

On appeal, we held that the ninety-day time period is directory. We reached this conclusion after considering: (1) the failure of the legislature to state the consequences of noncompliance with the time limit; (2) the adverse consequences resulting from interpretations of the time limit as mandatory or directory; (3) the flexible nature of the statute; and (4) the legislative intent to provide an informal, inexpensive and expedient means for resolving disputes without litigation. *Gauger*, 149 Wis. 2d at 741-43, 439 N.W.2d at 638-39. Since the time period was directory, we held that the failure to participate in a mediation session within that time period did not destroy plaintiffs' right to mediation. But, we also held the trial court had the discretion whether to permit mediation after that time period, and what sanctions to impose on plaintiffs, including dismissal, for any violation of § 655.465(7), STATS.

After our decision in *Gauger*, the supreme court addressed the same issue on substantially the same facts in *Schulz v. Nienhuis*, 152 Wis. 2d 434, 448 N.W.2d 655 (1989). The court of appeals in *Schulz* had relied on *Gauger* and reversed the trial court's dismissal of the action for failure to participate in mediation within the statutory mediation period. The supreme court "conclude[d], as did the court of appeals in

*Gauger* . . . that a claimant's failure to participate in a mediation session within the statutory mediation period does not require dismissal of the suit." *Id.* at 439, 448 N.W.2d at 657.

The supreme court did not expressly reject the directory/mandatory analysis of *Gauger*, but it did not employ that analysis. Rather, it reached its conclusion by considering the legislative intent to provide an informal, inexpensive and expedient means for resolving disputes without litigation; the lack of definition as to what the required participation in mediation entails; and the failure to state the consequences if the director of state courts does not schedule a mediation session within the statutory time period or a claimant does not participate in mediation within that time period. The supreme court was also persuaded that depriving a plaintiff of all legal redress, even if not at fault, for the failure of a mediation session to occur within ninety days, was inconsistent with the legislature's expressed intent. *Schulz*, 152 Wis. 2d at 439-43, 448 N.W.2d at 657-59.

*Schulz* does not answer the question presented on this appeal.[7] But it does provide a starting point. Since the supreme court did not adopt the directory/mandatory approach of *Gauger*, but instead focused on the "legislative intent and purpose as

[7] Matloob and Physicians Insurance Company of Wisconsin suggest that *Schulz* held that the administrator may not have a mediation session after ninety days, and that the mediation period expires if no session occurs within that time. They rely on certain statements of the *Schulz* court taken out of context. No party in *Schulz* was contending that the mediation period had not expired at the end of ninety days. Therefore, the court did not address those issues.

demonstrated in the provisions of the mediation statute and the structure of the statute as a whole," *Schulz*, 152 Wis. 2d at 439, 448 N.W.2d at 657, we follow this latter approach.

Section 655.465(1), STATS., provides that the director of state courts shall notify the parties of the names of the persons appointed to the mediation panel and the date, time and place of the mediation session. The director may change the date, time or place of the mediation session as necessary to accommodate the parties, "subject to the requirement that the mediation session be held before the expiration of the mediation period under sub. (7)." As the court in *Schulz* noted, § 655.465(1) is silent regarding the consequences of the failure of the director to fix a date for the mediation session within the statutory period. *Schulz*, 152 Wis. 2d at 440, 448 N.W.2d at 657. However, this subsection demonstrates an intent that the mediation session occur within the mediation period.

The defendants' interpretation of § 655.465(7), STATS., makes it wholly irrelevant whether a mediation session has occurred within the mediation period and, instead, makes it possible for one or more parties to cause no mediation session to take place. In defendants' view, a party may cause a mediation session to be rescheduled for a date after the expiration of the ninety-day period, without getting a written agreement to extend the mediation period. If a party does this, the mediation period terminates after ninety days. No mediation session has taken or can take place. This defeats the purpose of the mediation statute. It also makes meaningless the requirement that claimants and respondents "shall participate in mediation," § 655.43, STATS., and the requirement that the director may change the time for scheduled sessions to accom-

modate the parties, but only if the mediation session is "held before the expiration of the mediation period under sub. (7)." Section 655.465(1).

Defendants' interpretation of § 655.465(7), STATS., is also inconsistent with *Schulz* and *Gauger*, which permit the trial court to impose a penalty, including dismissal, on a plaintiff who causes a mediation session to be rescheduled beyond the ninety-day period without a written agreement to extend the mediation period.[8] If we adopt defendants' interpretation, there is never an adverse consequence for either a claimant or a respondent who does the same thing, as long as no court action has yet been filed.

In construing a statute, we are to favor the construction that fulfills the purpose of the statute over one that defeats the purpose. *Brown v. Thomas*, 127 Wis. 2d 318, 323, 379 N.W.2d 868, 870 (Ct. App. 1985). We will not adopt an interpretation of a statute that leads to an unreasonable result where there is a reasonable alternative. *Williams v. City of Madison*, 15 Wis. 2d 430, 439, 113 N.W.2d 395, 400 (1962).

We conclude that the proper interpretation of § 655.465(7), STATS., and the one in keeping with the purpose of the mediation statute, is that if a party wishes to reschedule a mediation session for a time beyond the ninety-day period, that party must obtain a written agreement to extend the mediation period. This interpretation gives meaning to the requirement

---

[8] The court of appeals in *Schulz* remanded for further proceedings consistent with *Gauger* and that portion of the *Schulz* court of appeals' decision was affirmed by the supreme court. *Schulz v. Nienhuis*, 152 Wis. 2d 434, 443, 448 N.W.2d 655, 659 (1989).

in § 655.465(1) that the director may reschedule to accommodate the parties only if the rescheduled session is "held before the expiration of the mediation period under sub. (7)." If a party wishes to reschedule a mediation session and provides a mutually agreeable date within the ninety-day period, the rescheduled session will be within the mediation period. If the mutually agreed upon date is after the ninety-day period, the rescheduled session will still be within the mediation period, which has been extended by written agreement.[9]

■

Our interpretation also gives meaning to the option in § 655.465(7), STATS., of extending the mediation period by a written agreement, an option that has no apparent function under defendants' interpretation. If parties may cause a mediation session to be rescheduled beyond the ninety-day period without a written agreement extending the mediation period, there is no reason to enter into a written agreement. We think it significant that under subsec. (7), parties may agree to a longer period of mediation but not a shorter one. The only reasonable interpretation of this distinction, when read in conjunction with § 655.465(1), is that the director always has at least ninety days within which to schedule a session. The parties may not agree to a shorter time, but they may enter into a written agreement for a longer period within which the session takes place.

---

[9] We suggest it would be helpful to all parties to mediation requests if the notice of the mediation session stated that if the mutually agreed upon date for rescheduling is more than ninety days from personal delivery of the mediation request or ninety-three days if sent by registered mail, there must be a written agreement extending mediation.

*Application of § 655.465(7), STATS.*

Having interpreted § 655.465(7), STATS., we must now apply it to the facts of this case. It is undisputed that counsel for Beloit Memorial requested rescheduling without obtaining a mutually agreed upon date for the rescheduled session and without obtaining a written agreement to extend the mediation period beyond December 17, 1992. It is undisputed that counsel for Matloob agreed to the rescheduling.[10] There is a dispute as to whether Frew, Seaquist's counsel, agreed to the request of Beloit Memorial to reschedule. However we do not consider that material. Under our interpretation of subsec. (7), the party requesting a rescheduling must obtain a written agreement extending the mediation period if the mutually agreed upon date for the rescheduled session is beyond the ninety-day period. An oral agreement to reschedule is not a substitute for a written agreement extending the mediation period to a specific date. The reason for this, as we explained above, is that any other interpretation of subsec. (7) permits all parties to a mediation request to agree to avoid a mediation session.

We conclude that, in the context of a mediation request filed before a court action, where a respondent requests a rescheduling of a mediation session without providing a mutually agreed upon date for another session within the ninety-day period, and without obtaining a written agreement to extend the mediation period, the mediation period does not terminate until the rescheduled mediation session is completed. This applies both to the respondent requesting the

---

[10] Attorney Caulum's affidavit does not dispute the statement in Wolfe's affidavit that Caulum consented to the cancellation.

rescheduling and any respondent agreeing to the rescheduling. The statute of limitations as to these respondents is then tolled under § 655.44(4), STATS., until thirty days after the last day of the rescheduled mediation session.

In this case, the rescheduled session was never held because Matloob and Beloit Memorial contended that the administrator had lost jurisdiction and the administrator concluded that a court should resolve the dispute. The administrator did, however, terminate the mediation period effective April 30, 1993, in the event a court found it had retained jurisdiction up to that date.[11] The court action, filed on May 17, 1993, was filed within the tolling period of § 655.44(4), STATS., and therefore is within the statute of limitations.

Defendants argue that permitting an extension of the mediation period under these circumstances allows claimants to delay in filing court actions. However, in this case Beloit Memorial's counsel requested the postponement of the mediation session and Matloob's counsel agreed to it. Beloit Memorial's counsel did not provide the administrator with a mutually agreed upon date for another session, as the notice directed. Based on the record before us, neither Beloit Memorial's counsel nor Matloob's counsel took any steps to have the session rescheduled. We can see no reason for imposing

---

[11] The administrator stated that he was construing "the motion to dismiss and related correspondence as a request to terminate that extension [if the court found there was one]." We do not decide whether and under what circumstances the administrator has the authority to terminate mediation, or extended mediation, periods.

on the claimant the obligation to reschedule a hearing under these circumstances.[12]

Matloob argues that since he did not request the rescheduling, whatever consequences flow from Beloit Memorial's request should not affect the termination of the mediation period as to him. We do not agree. Matloob's counsel agreed to the request to reschedule. The only reasonable inference from the undisputed facts is that he knew there was no mutually agreed upon date for rescheduling a session before December 17, 1992, and no written agreement extending the mediation period beyond that date. There is no inequity in extending the mediation period as to him. Doing otherwise permits parties to opt out of mediation by their own actions.

Because Seaquist's court action was filed within the statute of limitations, as extended by the tolling provisions of § 655.44(4), STATS., we reverse the summary judgment granting dismissal and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.

SUNDBY, J. (*dissenting*). I conclude that the director of state courts' attempt to schedule a media-

---

[12] We do not decide the effect on the expiration of the mediation period when a claimant requests postponement of a mediation session without providing a mutually agreed upon date within the ninety-day period and without obtaining a written agreement for an extension of the mediation period.

tion session after expiration of the mediation period did not toll the statute of limitations.[1] I therefore dissent.

Section 655.465(1), STATS., provides in part:

> The director of state courts may change the date, *time* or place of the mediation session as necessary to accommodate the parties, *subject to the requirement that the mediation session be held before the expiration of the mediation period under sub. (7).*

(Emphasis added.)

The director had no authority to order a mediation session which would be held after the mediation period expired. The mediation period may be extended only by written agreement of the parties.

The period for mediation expires either ninety days after the director receives a request for mediation or ninety-three days after the date of mailing the request to the director, "or within a longer period agreed to by the claimant and all respondents and *specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3)."* Section 655.465(7), STATS. (emphasis added).

The key words in subsec. (7) are "specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3)." Section 655.44(4), STATS., tolls any applicable statute of limitations. Section 655.44(5) prohibits commencing a court action under that section until the mediation period expires. Section 655.445(3),

---

[1] The administrator, acting for the director of state courts, scheduled a mediation session May 10, 1993, long after the mediation period expired. When challenged, the administrator had second thoughts as to his jurisdiction and cancelled the mediation session. This action was begun May 17, 1993, nearly five months after the mediation period expired.

STATS., prohibits pretrial and trial procedures under that section until the mediation period expires.

Thus, in any written agreement extending the mediation period, the parties must specify in writing the effect of their agreement, including tolling the statute of limitations. The statute is written to ensure that the parties are aware of the effect of agreeing to extend the mediation period. Because there was no written agreement in this case extending the mediation period, the running of the statute of limitations was not tolled. Plaintiff's action is thus time-barred.

The mandatory/directory cases, *see, e.g., Eby v. Kozarek*, 153 Wis. 2d 75, 450 N.W.2d 249 (1990), do not permit us to expand the director's authority to change the mediation period.