Theresa M. YOUNG and William H. Young, III, Plaintiffs-Appellants,†

HYDRITE CHEMICAL COMPANY HEALTH AND WELFARE PLAN 502, Signicast Medical, Prescription Drug and Short Term Disability Plan, Involuntary-Plaintiffs,

v.

AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC. f/k/a Hartford Memorial Hospital, Aurora Medical Group, Inc., Hartford Clinic, Mary Rashel, CRNA, The Medical Protective Company, and The Wisconsin Patient's Compensation Fund, Defendants-Respondents.

Court of Appeals

*No. 03–0224. Submitted on briefs September 8, 2003.—Decided March 18, 2004.*

2004 WI App 71

(Also reported in 679 N.W.2d 549.)

† Petition to review denied 6-8-04.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Sean N. Duffey* and *Daniel J. O'Brien* of *Schulz, Duffey & O'Brien, S.C.*, Milwaukee.

On behalf of the defendants-respondents, Aurora Medical Center, Aurora Medical Group, Inc., Hartford Clinic, Mary Rashel, CRNA and the Medical Protective Co., the cause was submitted on the brief of *Randal N. Arnold* and *David J. Hanus* of *Hinshaw & Culbertson*, Milwaukee.

On behalf of the defendant-respondent, Wisconsin Patient's Compensation Fund, the cause was submitted on the brief of *Paul J. Kelly* and *Mark K. Longua* of *Borgelt, Powell, Peterson & Frauen, S.C.*, Milwaukee.

Before Deininger, P.J., Vergeront and Higginbotham, JJ.

¶ 1. DEININGER, P.J. Theresa and William

302

Young appeal an order dismissing as time-barred their complaint against Aurora Medical Center and the Wisconsin Patient's Compensation Fund. The Youngs argue that the trial court erred in dismissing their action because two statutes, Wis. Stat. §§ 893.12 and 655.44(4) (2001–02),[1] operate to extend and toll the three-year statute of limitations applicable to their claims. We conclude that the Youngs may claim the benefit of the tolling provision under the pre-filing mediation statute, § 655.44, notwithstanding the fact that they initially requested mediation under Wis. Stat. § 655.445 after filing a previous court action. We also conclude, however, that the statute of limitations had run before the Youngs requested mediation, and, accordingly, we affirm the order of the circuit court.

## BACKGROUND

¶ 2. The facts that spawned this litigation are not in dispute. Theresa Young sustained an injury on or before December 3, 1998, following a surgical procedure at the Aurora Medical Center. Aurora waived the Youngs' portion of the amount due for both the surgical procedure and for additional treatment necessitated by the injury. Young received her last follow-up treatment from Aurora on February 23, 1999.

¶ 3. The Youngs filed suit against Aurora Medical Center, the Wisconsin Patient's Compensation Fund, and several other defendants on November 30, 2001. They requested mediation pursuant to Wis. Stat. § 655.445 on December 5, 2001.[2] The Youngs failed,

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] Wisconsin Stat. § 655.445(1) provides, in relevant part, that

303

however, to serve their summons and complaint within ninety days as required by WIS. STAT. § 801.02(1), and as a result, the action was later dismissed. They filed a second action against the same defendants on March 28, 2002, and timely served the summons and complaint.

¶ 4. Aurora and the Fund moved to dismiss the Youngs' second action, arguing that it was barred by the three-year statute of limitations for medical malpractice claims because it was filed more than three years after the date of Theresa's injury on December 3, 1998. The Youngs contended, however, that Aurora's waiver of the portion of their medical bills not covered by health insurance constituted a "payment," which, by virtue of WIS. STAT. § 893.12,[3] operated to delay the

> any person ... having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation.

Subsections (2) and (3) of the statute provide that all time periods under any scheduling order are "tolled" and "no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period."

[3] WISCONSIN STAT. § 893.12 provides that, "if a payment is made as described in s. 885.285(1)," the limitation period becomes "either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater." WISCONSIN STAT. § 885.285(1)(a) refers, in relevant part, to a "settlement with or *any payment made to an injured person,* or to another on behalf of any injured person, or any person entitled to recover damages on account of injury or death of such person." (Emphasis added.)

304

expiration of the statute of limitations until three years from the date of Young's final treatment on February 23, 1999. In addition, they argued that the statute was tolled under WIS. STAT. § 655.44(4)[4] from the date of their mediation request on December 5, 2001, until thirty days after the mediation period ended in early March 2002, thereby rendering timely their March 28th filing of the present action.

¶ 5. The circuit court agreed with the Youngs that WIS. STAT. § 893.12 applied to their claim, extending their time to file suit until February 23, 2002. The court also concluded, however, that the Youngs' request for mediation made pursuant to WIS. STAT. § 655.445, the post-filing mediation statute, could not be retroactively recharacterized as a request for mediation under WIS. STAT. § 655.44, the pre-filing mediation statute. Thus, because § 655.445 contains no tolling provision, the circuit court concluded that the Youngs' suit, filed on March 28, 2002, was time-barred. Accordingly, the court granted the motion to dismiss and entered an order to that effect. The Youngs appeal.

## ANALYSIS

¶ 6. In order for the Youngs to prevail, they must convince us of two things. The first is that the request for mediation they filed under WIS. STAT. § 655.445 after filing their first lawsuit may be treated as a pre-filing mediation request under WIS. STAT. § 655.44 when their

---

[4] WISCONSIN STAT. § 655.44(4), which applies to mediation requests that precede court action, provides that

[a]ny applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period . . . .

first action failed for lack of timely service. If so, § 655.44(4) operates to toll the running of the statute of limitations from the date of the mediation request until thirty days after the last day of the mediation period. However, because the Youngs' mediation request was not filed until December 5, 2001, which is more than three years from the date of Theresa's injury, the Youngs cannot save their second action unless we also conclude that Aurora's waiver of a portion of the amount due for Theresa's medical treatment constituted a "payment" under WIS. STAT. § 893.12. If it did, the limitation period arguably did not expire until three years from the date of her last receipt of medical treatment from Aurora, which occurred on February 23, 1999.

¶ 7. The first issue requires us to ascertain how two interrelated statutes apply to the facts before us, while the second requires us to determine the meaning of a term found in, but not defined by, a third statute. Thus, both issues present questions of statutory interpretation that we decide de novo. *See Ocasio v. Froedtert Mem'l Lutheran Hosp.*, 2002 WI 89, ¶ 11, 254 Wis. 2d 367, 646 N.W.2d 381. Our chief objective is to ascertain and give effect to the intent of the legislature. *See Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315 (Ct. App. 1997). To discern that intent, we first look to the language of the statute. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563 (1997). If the plain language of the statute clearly sets forth the legislature's intent, we apply the statute accordingly and need look no further for assistance in interpreting it. *See Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996).

¶ 8. All persons who wish to pursue medical malpractice claims are required under WIS. STAT. ch. 655 to request mediation either before or immediately after filing a medical malpractice action in the circuit court. *See* WIS. STAT. §§ 655.44(5) and 655.445(1). Section 655.44, entitled "Request for mediation prior to court action," provides that any applicable statute of limitation is tolled for the duration of the mediation period and for thirty days thereafter. Section 655.44(4). Section 655.445, the statute governing a "Request for mediation in conjunction with court action," has no similar tolling provision because it applies only after a court action has already been filed. The date of filing the action, assuming timely and proper service, determines whether the applicable statute of limitations has been met, and thus tolling would serve no purpose. Instead, § 655.445(2) and (3) effectively stay any scheduling orders and prohibit discovery and other pretrial and trial proceedings from occurring until the mediation period expires.

¶ 9. Aurora and the Fund argue that once a claimant files a court action and requests mediation "in conjunction with" a court action under WIS. STAT. § 655.445(1), the claimant may not recharacterize that same mediation request as one made "prior to" a court action under WIS. STAT. § 655.44. They base this argument on the following passage from our opinion in *Seaquist v. Physicians Insurance Co. of Wisconsin, Inc.*, 192 Wis. 2d 530, 531 N.W.2d 437 (Ct. App. 1995):

A claimant must choose *one of two ways* of participating in the mediation system. A claimant may first file a court action, in which case the claimant must then file a request for mediation within fifteen days of the court filing. Sections 655.44(5) and 655.445(1), Stats. All time periods under the statutes relating to schedul-

307

ing are tolled until the expiration of the mediation period . . . . The alternative . . . is to file a request for mediation before filing a court action. In this situation, the statute of limitations is tolled from the date the director of state courts receives the mediation request if delivered in person, or the date on which it is mailed by registered mail, and remains tolled until "30 days after the last day of the mediation period under s. 655.465(7)."

*Id.* at 541 (citations omitted, emphasis added).

¶ 10. The respondents reason that, because a malpractice claimant "must choose one of two ways of participating in the mediation system," *id.*, a claimant who chooses to file a court action and then request mediation under Wis. Stat. § 655.445(1) cannot thereafter claim to have chosen the other (pre-filing) mediation option under Wis. Stat. § 655.44. They point out that § 655.445(1) requires a malpractice claimant to file a request for mediation "within 15 days after the date of filing an action in court," but service of process need not be accomplished for up to ninety days after filing. *See* Wis. Stat. § 801.02(1).[5] According to Aurora and the Fund, this means that § 655.445 clearly contemplates that an action may be filed but not yet "commenced" at the time of a mediation request. If the action is not thereafter properly commenced by timely service, and the statute of limitations expires in the interim as it did here, the respondents maintain that malpractice claim-

---

[5] Wisconsin Stat. § 801.02(1) provides that

[a] civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

ants should be treated no differently than plaintiffs in other types of actions who fail to properly commence their actions within the applicable limitations periods. Aurora and the Fund argue that the plain language of the statutes and our discussion in *Seaquist* require precisely this result.

¶ 11. The Youngs assert that nothing in Wis. Stat. ch. 655 precludes the application of Wis. Stat. § 655.44 to their mediation request once the first court action they filed failed to become a "commenced" action. They argue that the quoted passage in *Seaquist* illustrates only that there are two options available as to the timing of mediation requests, not that there is any substantive difference between a mediation request that follows the filing of an action and one that precedes it. We agree with the Youngs that the two statutes are not, on their face, mutually exclusive.

■

¶ 12. We conclude that nothing in the language of either section precludes the application of the provisions of Wis. Stat. § 655.44 to the mediation request the Youngs filed on December 5, 2001, once the action they filed on November 30th became a nullity. Our conclusion in no way undermines the apparent purpose of the two statutes of ensuring that no court action on a medical malpractice claim will be allowed to proceed until mediation of the claim has been attempted and failed. Moreover, by enacting § 655.44(4), the legislature has expressed its intent that a limitations period not expire while mediation is in progress. Our interpretation furthers that end. We thus turn to the second issue on which the Youngs must prevail in order to save their action.

¶ 13. In order for the Youngs to benefit from the tolling provision under Wis. Stat. § 655.44(4), their

request for mediation must have been filed prior to the expiration of the statute of limitations on their claim. As we have explained, the Youngs' mediation request was filed on December 5, 2001, and thus it was timely for purposes of § 655.44(4) only if the three-year statute of limitations on the Youngs' claim extended beyond December 3, 2001, the third anniversary of Theresa's injury. The Youngs contend that Aurora's waiver of the Youngs' co-pay portion of the amount due for Theresa's surgery and related post-surgical treatment constituted a "payment" on their claim within the meaning of Wis. Stat. §§ 885.285 and 893.12 (quoted at footnote 3). As a result, in the Youngs' view, the statute of limitations on their claim did not begin to run until the date of the last treatment Theresa received from Aurora. We disagree.

¶ 14. As we have noted, when the meaning of statutory language is disputed, our task is to determine what the legislature intended it to mean. *See Truttschel*, 208 Wis. 2d at 365. Unless a specific definition is provided by statute, words should be given their ordinary and accepted meaning. *See Sheboygan County Dep't of Health & Human Servs. v. Jodell G.*, 2001 WI App 18, ¶ 13, 240 Wis. 2d 516, 625 N.W.2d 307. The term "payment" is not defined in either Wis. Stat. §§ 885.285 or 893.12. Reference to dictionary definitions is thus allowed because no statutory definition is available. *Id.* Webster's Unabridged Third New International Dictionary 1659 (1993) defines "payment" as "the act of paying or giving compensation." Black's Law Dictionary 1150 (7th ed. 1999) primarily defines "payment" as the "[p]erformance of an obligation, *by the delivery of money.*" (Emphasis added.)

¶ 15. We conclude that the meaning of "payment" is plain and unambiguous in the context of the present

310

dispute.[6] Based on the cited definitions, the plain and ordinary meaning of the term does not encompass a decision to waive or forego a portion of an amount due for services rendered. Aurora did not make a "payment" to the Youngs because at no time did it "deliver money" by issuing a check or engaging in any other overt "act of paying or giving compensation" to Theresa for her injuries.[7]

---

[6] We concluded in *Parr v. Milwaukee Building & Construction Trades, AFL-CIO*, 177 Wis. 2d 140, 501 N.W.2d 858 (Ct. App. 1993), that the word "payment" in WIS. STAT. §§ 885.285 and 893.12 is ambiguous with respect to whether it means the act of tendering a check or both the tender and acceptance of a check. *Id.* at 147–48. We did not address the issue facing us here: whether "payment" should be interpreted to include the waiver or forbearance of an amount due. A statute that is ambiguous in one context is not necessarily ambiguous in other contexts. *See Hoffman v. Wisconsin Employment Relations Comm'n*, 2001 WI App 87, ¶ 13, 243 Wis. 2d 1, 625 N.W.2d 906.

[7] We note that the Youngs have not cited, and we have not located, any case where a "payment" was allegedly made under WIS. STAT. §§ 885.285 and 893.12 by means other than an actual transfer of money. *See, e.g., Gurney v. Heritage Mut. Ins. Co.*, 188 Wis. 2d 68, 70, 523 N.W.2d 193 (Ct. App. 1994) (insurance company issued check); *Parr v. Milwaukee Building & Constr. Trades, AFL-CIO*, 177 Wis. 2d 140, 145, 501 N.W.2d 858 (Ct. App. 1993) (insurance company issued check); *Riley v. Doe*, 152 Wis. 2d 766, 768, 449 N.W.2d 83 (Ct. App. 1989) (insurance company paid property damage claim); *H.A. Freitag & Son, Inc. v. Bush*, 152 Wis. 2d 33, 39–40, 447 N.W.2d 71 (Ct. App. 1989) (cash payments made pursuant to restitution order); *Thimm v. Automatic Sprinkler Corp. of America*, 148 Wis. 2d 332, 334, 434 N.W.2d 842 (Ct. App. 1988) (insurance company paid property damage claim); *Milwaukee Mut. Ins. Co. v. Priewe*, 118 Wis. 2d 318, 320, 348 N.W.2d 585 (Ct. App. 1984) (insurance company paid medical expenses of insured); *Abraham v. Milwaukee Mut.*

¶ 16. Accordingly, we hold that Aurora's waiver of the Youngs' co-pay portion of amounts due for Theresa's surgery and related post-surgical treatment does not constitute a payment on their claim within the meaning of WIS. STAT. §§ 885.285 and 893.12. The limitations period on the Youngs' claim thus began to run on the date of Theresa's injury and expired prior to the Youngs' request for mediation on December 5, 2001. Having already expired, the statute of limitations could not be tolled under WIS. STAT. § 655.44(4) and the present action is time-barred.[8]

## CONCLUSION

¶ 17. For the reasons discussed above, we affirm the judgment of the circuit court.

*By the Court.*—Order affirmed.

---

*Ins. Co.*, 115 Wis. 2d 678, 680, 341 N.W.2d 414 (Ct. App. 1983) (insurance company paid property damage claim).

[8] The Fund also argues that any extension of the statute of limitations under WIS. STAT. § 893.12 should not apply to it because the Fund did not participate in the waiver of medical bills. Because we conclude that the waiver or forbearance of a medical bill does not constitute a "payment" under the statute, we need not address this argument.