Liberty Credit Services, Inc., as assignee of Citibank, a foreign corporation, Plaintiff-Respondent,

v.

Nancy Quinn, Defendant-Appellant.

Court of Appeals

*No. 03–3254. Submitted on briefs August 30, 2004.—Decided September 29, 2004.*

2004 WI App 202

(Also reported in 688 N.W.2d 768.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Allan D. Krezminski*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jonathan H. Dudley* of *Howard, Solochek & Weber, S.C.*, Milwaukee.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J.   Nancy Quinn appeals from a judgment in favor of Liberty Credit Services, Inc. for $17,779.87, plus costs and disbursements. Quinn contends that Liberty's action to collect on her overdue credit card account is time-barred and therefore the judgment of the trial court should be reversed. Quinn asserts that the trial court erred when it ruled that a payment made, and subsequently withdrawn, was sufficient to toll the applicable statute of limitations. We disagree and affirm the judgment of the trial court.

¶ 2.   The underlying facts are brief and largely undisputed. Liberty is in the business of purchasing various types of consumer debt and acquiring the right to pursue the debtors for the past due balances. Quinn opened a credit card account with Citibank and subsequently defaulted on the account. Citibank sold the

account to Liberty and in doing so transferred the account's electronic media to Liberty as well.[1]

¶ 3.   Liberty filed a collection action against Quinn on September 27, 2001. At that time, Quinn's account was past due in the principal sum of $7,416.34 plus interest in the amount of $10,363.53 for a total of $17,779.87. Quinn filed a motion for summary judgment, arguing that Liberty's action was filed beyond the six-year statute of limitations applicable to contracts. *See* Wis. Stat. § 893.43 (2001–02).[2] Quinn testified that she made her last payment to Citibank on June 21, 1994. Liberty contended that Quinn made an additional payment on September 28, 1995. Liberty also described a telephone conversation with Quinn on April 11, 2000, during which she authorized a $250 payment toward the account. As a result of this conversation, Liberty generated a form that looked like a standard personal check but included the language "Customer Verbal Authorization" and "Signature Not Required." Liberty deposited the check and issued a provisional credit against Quinn's overdue credit card account. The next day, Quinn's husband informed Liberty of his intent to stop payment on the check. On April 18, the check was returned to Liberty marked "ACCOUNT CLOSED" and Liberty removed the credit from Quinn's account.

¶ 4.   The trial court held that the June 21, 1994 payment extended the statute of limitations through June 21, 2000. The court also held that the telephonic payment on April 11, 2000, further extended the statute of limitations and, therefore, Liberty's September

---

[1] "Electronic media" refers to computer records of account information, interest rates, balances, payments, and so forth.

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

27, 2001 complaint was timely. The case proceeded to trial and the court entered judgment requiring Quinn to pay the past due principal and accumulated interest, plus costs and disbursements.

¶ 5.   The issue before us is whether the telephone transaction, which was subsequently canceled, constituted a payment for purposes of extending the statute of limitations.[3] Where the facts of the transaction are undisputed, the legal significance of the facts is a question of law that we review de novo. *See Ball v. District No. 4, Area Bd. of Vocational, Technical & Adult Educ.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

¶ 6.   WISCONSIN STAT. § 893.43 provides that an action based on a contract "shall be commenced within 6 years after the cause of action accrues or be barred." A partial payment on the contractual obligation made before the statute of limitations has run tolls the statute and sets it running from the date of payment. *Saint Mary's Hosp. Med. Ctr. v. Tarkenton*, 103 Wis. 2d 422, 424, 309 N.W.2d 14 (Ct. App. 1981). Generally, a statute of limitations exists to insure prompt litigation of claims and to protect defendants against fraudulent or stale claims. *Parr v. Milwaukee Bldg. & Constr. Trades*, 177 Wis. 2d 140, 148, 501 N.W.2d 858 (Ct. App.

---

[3] Liberty argues that the trial court erred in failing to rule that the September 28, 1995 payment, contested by Quinn but apparent in the electronic media, was sufficient to toll the statute of limitations. The trial court stated that it was not satisfied that the alleged 1995 payment was made. Liberty has not filed a cross-appeal on the issue, however, and because we affirm the trial court's ruling regarding the April 11, 2000 payment, we need not address Liberty's argument here.

1993). A partial payment on a contract claim extends the statute of limitations to encourage settlement agreements without litigation. *See id.* Periodic partial payments on a debt may be made beyond the ordinary statutory limitation period without the creditor losing the right to pursue the unpaid balance. *Id.*

¶ 7.   Quinn posits that the fact that no funds actually transferred as a result of the telephone transaction demonstrates that no payment was made on April 11, 2000. We disagree. A payment by check is made when the check is accepted and negotiated. *See id.* Black's Law Dictionary defines "negotiate" as follows:   "To transfer (an instrument) by delivery or indorsement, whereby the transferee takes the instrument for value, in good faith, and without notice of conflicting title claims or defenses." BLACK'S LAW DICTIONARY 1064 (8th ed. 2004). Quinn admits that she authorized the $250 transaction over the telephone. Liberty then created a computer-generated check representing the verbally authorized payment. Liberty deposited the check with its bank and entered a provisional credit on Quinn's account. It is not necessary for the funds to have actually transferred from Quinn's bank account to Liberty's account to constitute payment. Here we have payment tendered and negotiated in good faith. Quinn's subsequent cancellation of payment does not detract from the fact that, for purposes of extending the statute of limitations, a payment occurred on April 11, 2000.

¶ 8.   We conclude that a payment is not conditioned on the actual transfer of funds, but on the recipient's action of negotiating the instrument. Liberty's actions constituted acceptance and negotiation of the amount tendered by Quinn. Accordingly, the

statute of limitations, set to run on June 21, 2000, was extended by the telephone transaction on April 11, 2000. Liberty's collection action was timely filed on September 27, 2001.

*By the Court.*—Judgment affirmed.