STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert J. MILLER, Defendant-Appellant.

Court of Appeals

*No. 93–1556–CR. Submitted on briefs November 9, 1993.—Decided November 16, 1993.*

(Also reported in 509 N.W.2d 98.)

For the defendant-appellant the cause was submitted on the briefs of *Robert A. Thorson* of Chippewa Falls.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford*, assistant attorney general of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Robert Miller appeals a judgment convicting him of burglary as a party to the crime in violation of sec. 943.10(1), Stats. Miller contends that the trial court erred by sentencing him to the intensive sanctions program because the sentencing guidelines indicated that probation rather than prison was appropriate. Because we conclude that the trial court properly exercised its sentencing discretion, the judgment is affirmed.

The facts are undisputed. Miller was originally charged with six counts of burglary as a party to the crime in violation of secs. 943.10(1) and 939.05, Stats. Pursuant to a plea agreement, Miller pleaded guilty to one count of burglary as a party to the crime and the state dismissed and read in, for purposes of restitution, the remaining five charges and other potential charges against him. The presentence investigation report recommended intensive sanctions. At sentencing, the state recommended that Miller be sentenced to the Division of Intensive Sanctions for three to five years. The court acknowledged that the sentencing guidelines indicated Miller should be placed on probation, with or

without jail. The court, however, sentenced Miller to intensive sanctions for three and one-half years based on the presentence investigation report's recommendations, the court's concern about Miller's pattern of criminal thinking and the fact that absent the recommendation for the intensive sanctions program the court would have "very seriously consider[ed] a lengthy prison sentence."

Miller contends that the trial court erred as a matter of law by considering the intensive sanctions program without first determining that Miller was a candidate for a sentence to state prison. Miller argues that the legislature intended the intensive sanctions program to be "utilized for . . . felons who, in the past, would have been sentenced to the state prison" and not for offenders who otherwise would have been placed on probation. Miller cites sec. 973.032(2)(a), Stats., in support of this contention.

■

This issue involves statutory construction, which we review as a question of law without deference to the trial court. *State v. Pham*, 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36. When determining legislative intent, this court first examines the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Id.*

Section 973.032(2)(a), Stats., provides:

> A court may sentence a person [who has been convicted of a felony to participation in the intensive sanctions program] *if the department provides a presentence investigation report recommending that the person be sentenced to the program.* If the department does not make the recommendation, a

court may order the department to assess and evaluate the person. After that assessment and evaluation, the court may sentence the person to the program unless the department objects on the ground that the presumptively appropriate sentence under the sentencing guideline matrices is probation. (Emphasis added.)

The plain language of sec. 973.032(2)(a), Stats., states that if the Department of Corrections recommends or accepts that the felon be sentenced to the program, the trial court may sentence the felon to the program. Nothing in sec. 973.032(2)(a) prohibits the court from sentencing to the intensive sanctions program a person for whom the sentencing guidelines would have recommended probation unless the department objects on that ground. The only prerequisites to such a sentence are that the person is convicted of a felony and the department recommends or accepts a sentence to the intensive sanctions program. Once the prerequisites of sec. 973.032(2)(a) have been met, the court may in its discretion impose any sentence it determines is appropriate, including the intensive sanctions program.

We review the trial court's exercise of its sentencing discretion when it imposes a sentence under sec. 973.032(2)(a), Stats., in the same manner as we review any other exercise of sentencing discretion. Sentences imposed are deferentially reviewed under an erroneous exercise of discretion standard. *State v. Jones*, 151 Wis. 2d 488, 495, 444 N.W.2d 760, 763 (Ct. App. 1989). Where the sentence imposed is within the statutorily permitted parameters, it will be upheld upon review unless it "is so excessive and unusual and so dispropor-

tionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *State v. Sarabia*, 118 Wis. 2d 655, 673, 348 N.W.2d 527, 537 (1984) (citation omitted). While the sentencing guidelines may have indicated that probation with or without jail time was the presumptive sentence for Miller, the trial court is not required to impose that sentence as long as the court considers the guidelines and explains its reasons for deviating from them. *See State v. Speer*, 176 Wis. 2d 1101, 1121-23, 501 N.W.2d 429, 436-37 (1993).

Here, the department recommended that Miller be sentenced to the intensive sanctions program. The trial court, in its discretion, accepted that recommendation. Thus, the sentence met the prerequisites of sec. 973.032(2)(a), Stats. The record demonstrates that the trial court specifically considered the relevant factors, including the sentence indicated by the guidelines, prior to imposing sentence. The court expressed its concern over Miller's pattern of criminal thinking, lack of remorse, extensive history of theft and burglary and the fact that the current offenses occurred just after Miller was released from jail, indicating that probation and jail failed to prevent future criminal conduct. We therefore conclude that the trial court properly exercised its sentencing discretion by sentencing Miller to the intensive sanctions program.

Miller also asserts that "the preparer of the Presentence Investigation [report] had no basis upon which to recommend the Intensive Sanctions Program." We do not review the presentence report's recommendations. We only review the trial court's

exercise of its sentencing discretion. We therefore need not address this argument.

*By the Court.*—Judgment affirmed.