STATE of Wisconsin, Plaintiff-Respondent,

v.

Darrell E. CROWE, Defendant-Appellant.

Court of Appeals

*No. 94–1634. Submitted on briefs October 3, 1994.—Decided November 1, 1994.*

(Also reported in 525 N.W.2d 291.)

74

For the defendant-appellant the cause was submitted on the briefs of *James J. Skyberg* of *Kaminski, Pozorski & Greig* of Manitowoc.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *David J. Becker*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Darrell Crowe appeals a judgment of conviction and sentence for aggravated battery and robbery and an order denying his motion for modification of the sentence. Crowe contends that in making its sentencing determination, § 972.15(2s), STATS., bars the trial court from considering offenses in the defendant's juvenile record that are more than three years old. Crowe therefore argues that the trial court abused its discretion because it considered a delinquency adjudication that was more than three years old. Because we conclude that § 972.15(2s) does not limit the juvenile conduct that the trial court may consider in making its sentencing determination, we affirm the judgment and order.

On June 2, 1993, Darrell Crowe entered pleas of no contest to one count of aggravated battery and one count of robbery in return for the State's agreement to dismiss an armed burglary charge. A State probation and parole agent subsequently prepared a presentence report recommending that Crowe be sentenced to the maximum prison sentence. The report included Crowe's delinquency adjudications in 1986, 1988 and 1989. At sentencing, the trial court specifically referred to the 1989 delinquency adjudication in its decision sentencing Crowe to the maximum prison term of forty years. Crowe subsequently brought a motion seeking

modification of his sentence. The trial court denied the motion and Crowe appeals.

Crowe contends that under § 972.15(2s), STATS., the trial court's sentencing determination may not take into account delinquency adjudications in a defendant's juvenile record that are more than three years old. This issue presents a question of statutory interpretation. We review such issues as questions of law without deference to the trial court. *State v. Walworth County Circuit Court*, 167 Wis. 2d 719, 723, 482 N.W.2d 899, 900-01 (1992).

The primary purpose of statutory interpretation is to discern the intent of the legislature and to give effect to that intent. *State v. Miller*, 180 Wis. 2d 320, 323, 509 N.W.2d 98, 99 (Ct. App. 1993). In determining the legislature's intent, we first look to the language of the statute itself. *State v. Wicks*, 168 Wis. 2d 703, 706, 484 N.W.2d 378, 379 (Ct. App. 1992). If the language of the statute is ambiguous, we may look to extrinsic aids to determine the legislative intent. *State v. Charles*, 180 Wis. 2d 155, 158, 509 Wis. 2d 85, 86 (Ct. App. 1993). A statute is ambiguous if it is capable of being interpreted by reasonably well-informed persons to have two or more distinct meanings. *Ervin v. City of Kenosha*, 159 Wis. 2d 464, 472, 464 N.W.2d 654, 657-58 (1991). If, however, the language of the statute is unambiguous, we "must implement the express intention of the legislature by giving the language its ordinary and accepted meaning." *DNR v. Wisconsin Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982).

Section 972.15(2s), STATS., provides:

If the defendant is under 21 years of age, the person preparing the presentence investigation report shall attempt to determine whether the defendant has been adjudged delinquent under ch. 48 or has had a similar adjudication in any other state in the 3 years immediately preceding the date the criminal complaint relating to the present offense was issued and, if so, shall include that information in the report.

Both Crowe and the State contend that § 972.15(2s), STATS., is unambiguous. Both parties, however, reach a different conclusion as to the meaning of the statute. Crowe argues that under the statute, the court's sentencing determination may only take into consideration adjudications of delinquency that are no more than three years old. The State, on the other hand, contends that while the statute does require a presentence report to include adjudications of delinquency that are not more than three years old, it does not limit the delinquency adjudications that the court may consider in its sentencing determination. After examination of the statute's language, we agree that the statute is unambiguous and conclude that the State correctly interprets the statute as placing no limitations on the delinquency adjudications the court may consider in making its sentencing determination.

Section 972.15(2s), STATS., requires an individual preparing a presentence report to include specific information in the report if the conditions enumerated in the statute are satisfied. The conditions required by the statute are: (1) the defendant be under twenty-one years of age; (2) the defendant be adjudged delinquent in Wisconsin or under the applicable juvenile code of another state; and (3) the delinquency adjudication be

77

not more than three years old. If these conditions are satisfied, the presentence report *must* include the defendant's delinquency adjudications. This is the only mandate that can be discerned from the statute's terms.

Crowe, however, claims that § 972.15(2s), STATS., prohibits the court from considering delinquent adjudications that are more than three years old in making its sentencing determination. We are unpersuaded. The language of the statute is directed exclusively at the individual preparing the presentence report, and it does not attempt to control the information the judge may consider in making its sentencing determination. Further, the statute's language does not restrict the information that may be included in a presentence report. Rather, the statute only mandates that specific information be included in the report if the conditions enumerated in the statute exist. Thus, although the statute requires the preparer of a presentence report to include juvenile adjudications that are less than three years old, it does not prohibit the inclusion of juvenile adjudications that are more than three years old. Therefore, we conclude that § 972.15(2s) does not limit the juvenile adjudications that the trial court may consider in making its sentencing determination.

This conclusion is consistent with Wisconsin's strong public policy of providing all relevant information to a trial court charged with the responsibility of sentencing a criminal defendant. *State v. Guzman*, 166 Wis. 2d 577, 592, 480 N.W.2d 446, 450 (1992). Presentence reports are designed to assist the trial court in making an informed and intelligent sentencing decision by providing the court with a description of the

78

defendant's personality, social background and legal history. *State v. Knapp*, 111 Wis. 2d 380, 386, 330 N.W.2d 242, 245 (Ct. App. 1983). Because these factors are relevant to the court's sentencing decision, withholding this information from the trial would violate Wisconsin's public policy. *State v. J.E.B.*, 161 Wis. 2d 655, 666, 469 N.W.2d 192, 197 (Ct. App. 1991). Further, denying the trial court access to this information would prevent the court from fulfilling its obligation "to acquire full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence." *Elias v. State*, 93 Wis. 2d 278, 285, 286 N.W.2d 559, 562 (1980). Therefore, we conclude § 972.15(2s), STATS., does not preclude the trial court from considering juvenile adjudications that are more than three years old and that the trial court did not err by considering Crowe's juvenile adjudications in making its sentencing decision.[1]

*By the Court.*—Judgment and order affirmed.

---

[1] The State argued that the trial court did not abuse its discretion by considering Crowe's juvenile record because Crowe failed to object to the court's consideration of these factors at the time of sentencing. Because we conclude that the trial court did not err by considering Crowe's juvenile record, we need not address this argument.