STATE of Wisconsin, Plaintiff-Respondent,

v.

James C. SCOTT, Defendant-Appellant.

Court of Appeals

*No. 94–1074–CR. Submitted on briefs December 19, 1994.—Decided January 18, 1995.*

(Also reported in 528 N.W.2d 46.)

147

On behalf of the defendant-appellant, the cause was submitted on the brief of *Donald E. Mayew* of *Phillips, Richards, Mayew & Corrigall, S.C.* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Sharon Ruhly*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.  James C. Scott's sole contention on appeal is that he is not guilty of escape because he had not been arrested and placed in custody before he left the courtroom following his conviction. We affirm because we conclude that Scott was in custody as a result of being lawfully convicted of a crime and that it was not necessary for the sheriff to actually arrest him.

This case is presented to us on the same stipulated facts presented to the trial court:

> [T]hat on February 1st, 1993, Mr. Scott appeared before the Honorable Dennis J. Barry sitting or acting in Branch 3 of Kenosha County Court. That at the time of his appearance Mr. Scott was free on bond. That when his trial attorney was not prepared to proceed to sentencing after Mr. Scott had pled no contest to two misdemeanor counts, Judge Barry modified the bond to $11,000 cash and ordered the defendant to remain in the courtroom until the deputy could take him to the county jail. That prior to the deputy taking him to the county jail, Mr. Scott intentionally left the courtroom.

Based on these facts, the trial court found Scott guilty of escape pursuant to § 946.42(3)(a), STATS. The trial court concluded that at the time Scott left the courtroom he had been convicted of two misdemeanors on his plea to the charges and had been ordered to be placed in custody by the trial court. The trial court commented that "a reasonable person under circumstances as set forth in this case would certainly believe that they were in custody."

On appeal, Scott argues that to be guilty of escape under § 946.42(3)(a), STATS., an individual must be in custody as a result of a legal arrest. He contends that although he fled the courtroom contrary to the judge's

149

instructions, he is not guilty of escape because he was not in custody pursuant to a lawful arrest.

Scott's appeal presents an issue of statutory interpretation that we resolve as a question of law without deference to the trial court. *State v. Miller,* 180 Wis. 2d 320, 323, 509 N.W.2d 98, 99 (Ct. App. 1993). In applying the rules of statutory construction, our goal is to give effect to the legislative intent. *Id.* We will first examine the language itself in an attempt to determine legislative intent and we only resort to extrinsic aids if the statutory language is ambiguous. *Id.*

Section 946.42(3)(a), STATS., provides that:

> **(3)** A person *in custody* who intentionally escapes from custody under any of the following circumstances is guilty of a Class D felony:
> (a) Pursuant to a legal arrest for, *lawfully* charged with or *convicted of* or sentenced for *a crime.* [Emphasis added.]

This statute creates four separate situations in which the crime of escape can occur: (1) the defendant was under arrest for a crime, (2) the defendant was lawfully charged with a crime, (3) the defendant was lawfully convicted of a crime, *or* (4) the defendant was sentenced for a crime. All four situations have the common denominator of requiring the defendant to be *in custody* at the time of the escape.

Contrary to Scott's argument, an arrest is not essential to being convicted of escape after a lawful conviction of a crime under § 946.42(3)(a), STATS. Although an arrest is one manner in which a person can be placed in custody, it is not the only manner. *See State v. Hoffman,* 163 Wis. 2d 752, 761-62, 472 N.W.2d 558, 561-62 (Ct. App. 1991). We determine that what is

150

critical is whether Scott was *in custody* after his conviction.

"Custody" is defined in § 946.42(1)(a), STATS., as applicable to this appeal:

> "Custody" includes *without limitation* actual custody of an institution . . . or of a peace officer . . . and constructive custody of prisoners . . . temporarily outside the institution . . .. [Emphasis added.]

We held in *Hoffman* that "[t]he plain meaning of this language is that 'actual custody' is a subset of the term 'custody' for purposes of the statute, but does not define the entire scope of the term 'custody.' " *Hoffman*, 163 Wis. 2d at 760, 472 N.W.2d at 561.

In *Hoffman*, we concluded that for the purpose of the escape statute, *in custody* means a person's ability or freedom of movement has been restricted. *Id*. at 761, 472 N.W.2d at 561. We went on to recognize that "a person could be 'in custody' within the meaning of the escape statute without proof of physical control." *Id*. at 763, 472 N.W.2d at 562.

It is now necessary to apply these general principles from *Hoffman* to the specific facts of this appeal. We acknowledge that no peace officer attempted to arrest Scott before he left the courtroom. However, we are convinced that Scott was *in custody* when he walked out of the courtroom.

Immediately after Scott pled no contest to the two misdemeanor charges, the trial court found him guilty and convicted him of the charges. Scott is not challenging any feature of the plea hearing and our own independent review of the transcript of the plea hear-

ing supports the conclusion that Scott was lawfully convicted of the crimes.

■

We have stated that "the term conviction is susceptible to two meanings; the first being a finding of guilt, and the second involving the entire judicial process, including sentencing." *State v. Trudeau,* 157 Wis. 2d 51, 53, 458 N.W.2d 383, 384 (Ct. App. 1990). The meaning to be applied in an appeal is to be derived from the purpose of the statute. *Id.* As we have indicated, § 946.42(3)(a), STATS., divides the criminal process into four distinct categories: arrest, charging with a crime, conviction of a crime and sentencing. It is indisputable that the meaning of conviction in the statute is the finding of guilt, and when the trial court entered the finding of guilt at the conclusion of the plea hearing, Scott was legally convicted of a crime.

■

When the finding of guilt was entered, Scott no longer enjoyed the presumption of innocence, *see Mulkovich v. State,* 73 Wis. 2d 464, 477, 243 N.W.2d 198, 205 (1976), and the trial court had the statutory discretion to grant postconviction release from custody. *See* § 969.01(2), STATS. While § 969.01 gives the trial court the opportunity to grant release both before and after conviction, there is no requirement or assumption that a defendant released from custody prior to conviction will enjoy release after conviction. It is because the presumption of innocence has disappeared that the statute requires the trial court to address anew the defendant's custody status after conviction.

■

The trial court, in the exercise of its discretion, decided to grant Scott release upon the posting of cash bail. In lieu of cash bail, Scott would remain in the

custody of the sheriff. We conclude that Scott's custodial status derives from the unambiguous language of the bail statute that a court may grant release after conviction of a crime, § 969.01(2), STATS., which presupposes a convicted person is in custody and gives to the trial court the ability to release that person prior to sentencing. Upon Scott's conviction of two misdemeanors, his status, by operation of the statute, became that of a person in custody eligible for release prior to sentencing at the discretion of the court. Therefore, when Scott left the courtroom after being lawfully convicted of the crime, he was *in custody* and his conduct constituted the crime of escape in violation of § 946.42(3)(a), STATS.

*By the Court.*—Judgment affirmed.