STATE of Wisconsin EX REL. Hubert HILL, Petitioner-Appellant,

v.

Paul ZIMMERMAN and Mya Haessig, Respondents-Respondents.

Court of Appeals

*No. 94–1861. Submitted on briefs May 10, 1995.—Decided August 16, 1995.*

(Also reported in 538 N.W.2d 608.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Hubert Hill*, pro se.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.   Hubert Hill, an inmate in the Waupun Correctional Institution, appeals pro se from an order quashing an alternative writ of mandamus directed to the record custodian at the Division of Probation and Parole of the Department of Corrections (DOC) and dismissing his petition for the writ. On appeal, Hill contends that the trial court erred when it concluded: (1) the DOC record custodian was not required to grant Hill access to a copy of his presentence report without Hill first obtaining court authorization, and (2) the record custodian did not misuse its discretion when it required Hill to prepay for requested copies of documents in his file. We reject Hill's challenges and affirm the trial court order.

### BACKGROUND

On February 2, 1993, Hill sent a letter to Paul Zimmerman, a DOC probation and parole supervisor, requesting copies of "any and all . . . records" in his file. Zimmerman responded to Hill's request in a letter dated February 23, 1993, which informed Hill that his complete file contained approximately 210 pages of material and was close to three inches thick. The letter estimated that at fifteen cents per page, the copying charges would total "roughly $31.50." The letter also informed Hill that if he would be more specific about his request, he would not have to incur unnecessary copying charges.

Subsequently, there were several communications between Hill and the DOC whereby Hill further sought to obtain his file records. On March 6, 1993, the DOC mailed Hill seventeen pages from his file after receiving $2.55 from him. A notation on the February 23, 1993 letter indicates that on March 17, 1993, Hill was told that copying the remaining documents "might cost

$55.00." In a letter dated April 29, 1993, Hill requested a copy of his presentence report and "copies of documents or any other papers which refer to me." The following day, the record custodian sent Hill a Record Request Response form, denying his request to his presentence report due to confidentiality under § 972.15(4), STATS., but granting access to the other file documents which referred to him. The response stated that Hill's "complete file has 276 pages" and asked for prepayment of $41.40 pursuant to § 19.35(3)(f), STATS., for the cost of reproducing the documents.

Because Hill did not prepay the photocopying costs, the record custodian did not release the requested documents to him. Hill petitioned the Racine County Circuit Court for a writ of mandamus ordering the release of the documents. In its response, the DOC stated that it had complied with Hill's requests, and that he would be sent the photocopies when he prepaid the copying charge.

The trial court concluded that the DOC had complied with its duties under the public records law. It determined that until Hill prepaid the copying costs and obtained court authorization to release his presentence report, the DOC was not obligated to provide Hill with copies of the documents. Accordingly, the trial court quashed the writ and dismissed the case. Hill appeals.

## DISCUSSION

■ The ultimate decision whether to grant mandamus lies within the trial court's discretion. *George v. Record Custodian,* 169 Wis. 2d 573, 578, 485 N.W.2d 460, 462 (Ct. App. 1992). A trial court properly exercises its discretion if it reaches a reasonable conclusion based upon

a consideration of the applicable law and facts of record. *Peplinski v. Fobe's Roofing, Inc.,* 193 Wis. 2d 6, 20, 531 N.W.2d 597, 602 (1995).

### 1. Presentence Investigation Report

Hill argues that the trial court erred when it determined that the record custodian was not required to grant him access to his presentence report after sentencing under § 972.15(4), STATS., without first obtaining court authorization. He contends that he should have been granted access to his presentence report pursuant to subsec. (5) of the statute.[1] The interpretation of § 972.15 presents a question of law which we review de novo. *State v. Crowe,* 189 Wis. 2d 72, 76, 525 N.W.2d 291, 293 (Ct. App. 1994).[2] The purpose of statutory construction is to ascertain the intent of the legislature, and we look first to the language of the statute itself. *Northwest Wholesale Lumber v. Anderson,* 191 Wis. 2d 278, 284, 528 N.W.2d 502, 505 (Ct. App. 1995). If the words of the statute convey the legislative intent, we end our inquiry and will not look beyond the statute's plain language in search of other meanings. *Id.*

Section 972.15(2), STATS., allows a defense attorney, or a defendant not represented by an attorney,

[1] Section 972.15(5), STATS., provides in part: "The department may make the report available to other agencies or persons to use for purposes related to correctional programming, parole consideration, care and treatment, or research."

[2] Section 972.15(1), STATS., provides that a trial court "may" order a presentence investigation report. Such reports are not constitutionally required, nor has the legislature mandated the use of them. *Bruneau v. State,* 77 Wis. 2d 166, 174, 252 N.W.2d 347, 351 (1977).

access to the contents of a defendant's presentence investigation report prior to sentencing.[3] After sentencing, the presentence report is confidential and is only available upon the authorization of the court unless its release is authorized by subsec. (5). Section 972.15(4). Subsection (5) permits the DOC[4] to make the report "available to other agencies or persons to use for purposes related to correctional programming, parole consideration, care and treatment, or research."

Hill contends that the DOC should have granted him access to his presentence report pursuant to § 972.15(5), STATS., because defendants are "other . . . persons" within the meaning of the statute. We are unpersuaded by this argument and conclude that subsecs. (2) and (4) of § 972.15 are the statutory subsections that grant a defendant access to his or her presentence report.

Section 972.15(2), STATS., provides, "When a presentence investigation report has been received the judge *shall* disclose the contents of the report to the defendant's attorney . . . prior to sentencing." (Emphasis added.) Thus, before sentencing, a defendant has an absolute right to obtain the presentence report. In such a setting, the defendant need not first obtain the

---

[3] Defendants represented by counsel also have the right to obtain copies of their presentence investigation reports. In *State v. Skaff,* 152 Wis. 2d 48, 56-57, 447 N.W.2d 84, 88 (Ct. App. 1989), the court of appeals concluded that § 972.15(2), STATS., could not be interpreted to grant defendants appearing without counsel greater rights to their presentence reports than those with counsel.

[4] *See* § 967.02(2) , STATS. (in chs. 967 to 979, STATS., "Department" refers to the department of corrections except as provided in § 975.001, STATS.).

authorization of the circuit court. However, after sentencing, the presentence report "*shall* be confidential and shall not be made available to any person except upon specific authorization of the court." Section 972.15(4) (emphasis added).

In contrast, § 972.15(5), STATS., upon which Hill relies, provides that the DOC "*may* make the report available to *other* agencies or persons." (Emphasis added.) We conclude that this language is clear and unambiguous. The use of the word "may" implies the discretionary element given to the department in making presentence reports available to "other agencies or persons." *See Swatek v. County of Dane,* 192 Wis. 2d 47, 59, 531 N.W.2d 45, 50 (1995); § 972.15(5). In addition, the use of the word "other" refers to persons other than the defendant, because subsecs. (2) and (4) already cover the scenarios under which the defendant may obtain access to the report.

Our examination of the legislative history of § 972.15(5), STATS., supports this interpretation.[5] Included in the drafting record of the proposal to add subsec. (5) to § 972.15 is an explanatory note describing the purpose of the requested change. The explanation reads:

> This proposal clarifies the department's authority to use the presentence investigation report. The report is critical for various correctional purposes such as parole board decisions, classification and

---

[5] Notwithstanding our determination that subsec. (5) is clear on its face, we may properly look to the legislative history to reinforce our conclusion that it is indeed unambiguous. *See Novak v. Madison Motel Assocs.,* 188 Wis. 2d 407, 416, 525 N.W.2d 123, 126 (Ct. App. 1994).

treatment needs. Under current law, it has not been clear if the PSI is allowed for departmental use and this draft clarifies our accessibility to the report.

LEGISLATIVE REFERENCE BUREAU DRAFTING RECORD, 1987 Wis. Act 227, § 2.

■

We conclude that the addition of subsec. (5) to § 972.15, STATS., is simply an expression of legislative intent to authorize the DOC to use presentence reports for "correctional programming, parole consideration, care and treatment, or research" and to make the reports available to other agencies and persons other than a defendant for those narrow purposes. There is no indication of legislative intent to change the procedures by which the defendant may already obtain access to the presentence report as provided in subsecs. (2) and (4).[6]

---

[6] Hill also argues that the Freedom of Information Act (FOIA) grants him a right to his presentence report because the DOC is an "agency" within the meaning of this federal statute. *See* 5 U.S.C. § 552. However, for purposes of 5 U.S.C. § 552, an "agency" is defined as "each authority of the Government of the United States." 5 U.S.C. §§ 551(1), 552(f). A Wisconsin state agency is therefore not under the purview of 5 U.S.C. § 552. Although Wisconsin courts have looked to federal case law interpreting the FOIA, it is only persuasive authority for Wisconsin's open records law, which governs Hill's claim. *See State ex rel. Lank v. Rzentkowski*, 141 Wis. 2d 846, 856 n.5, 416 N.W.2d 635, 638 (Ct. App. 1987). It has been noted that enforcement of the FOIA has been less successful than the enforcement of Wisconsin's open records law, primarily because of the nine categories of exemptions in the FOIA. *See Wisconsin Family Counseling Servs., Inc. v. State*, 95 Wis. 2d 670, 672-73, 291 N.W.2d 631, 633-34 (Ct. App. 1980); 5 U.S.C. § 552(b)(1)-(9).

## 2. *Section 19.35,* STATS.

Hill also objects to the record custodian requiring prepayment of the reproduction costs. He contends that he was not provided an " '[a]ctual' cost/fee for production of the requested documents." *See* § 19.35(3)(a), STATS. Hill further maintains that he has "no legal duty to pre-pay rough estimates" of the copying costs. To address this argument, we are again required to engage in statutory interpretation.

We conclude that the legislature's intent is clear from the language of the statute. The public records law permits access to "any material on which . . . information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority."[7] Sections 19.32(2), 19.35, STATS. Section 19.35(1) grants any requester the right to inspect any record. Subsection (3)(a) permits an authority to "impose a fee upon the requester of a copy of a record which may not exceed the actual, necessary and direct cost of reproduction and transcription of the record."

Although an authority may not impose a fee that exceeds the actual cost of reproducing documents, it may require prepayment of the fees imposed if the total amount exceeds five dollars. Section 19.35(3)(f), STATS. We reject Hill's argument that an authority may not give a reasonable estimate of the costs expected to

[7] An "authority" includes "any of the following having custody of a record: a state or local office, elected official, agency, board, commission, committee, council, department or public body corporate and politic created by constitution, law, ordinance, rule or order." Section 19.32(1), STATS.

exceed five dollars and require payment before it undertakes large copying tasks. This subsection is clearly intended to protect an authority from squandering staff time, supplies and equipment usage for a substantial copying project that a requester might later disavow. To read the statute otherwise would require the authority to actually copy the documents to obtain an exact amount of the costs, which would soundly defeat the purpose of § 19.35(3)(f). In construing a statute, this court is to favor the construction that fulfills the purpose of the statute over one that defeats the purpose. *Seaquist v. Physicians Ins. Co.*, 192 Wis. 2d 530, 545, 531 N.W.2d 437, 442 (Ct. App. 1995). We will not adopt an interpretation of a statute that leads to an unreasonable result where there is a reasonable alternative. *Id.*

Here, Hill makes no argument that the charges were unreasonable or miscalculated. Although Hill was given estimates prior to receiving a formal Record Request Response, he was given an exact amount. The record custodian informed Hill that his file contained 276 pages and gave a final cost of $41.40 based on a charge of fifteen cents per page. In addition, Hill had previously been asked if he wanted to narrow his request so as to reduce the copying charge. We conclude that the trial court properly exercised its discretion when it determined that the record custodian acted within its authority under § 19.35(3)(f), STATS., when it refused to copy Hill's file until payment was received. The statute specifically authorizes an authority to request prepayment if the cost exceeds five dollars. If, when Hill prepays, the estimate exceeds the actual cost, the overpayment can be refunded.

We affirm the trial court's order quashing the alternative writ of mandamus directed to the record custodian at the DOC.

*By the Court.*—Order affirmed.