STATE of Wisconsin, Plaintiff-Respondent,

v.

Ashley B. STEELE, Defendant-Appellant.†

Court of Appeals

*No. 00–2864–CR. Submitted on briefs April 20, 2001.—Decided June 6, 2001.*

## 2001 WI App 160

(Also reported in 632 N.W.2d 112.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher W. Rose* of *Rose & Rose* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maura FJ Whelan,* assis-

tant attorney general, and *James E. Doyle*, attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Ashley B. Steele appeals from an order denying his motion for postconviction relief after his conviction on two counts of manufacturing/delivering cocaine. Steele argues that the trial court erred when it determined that he was ineligible for the challenge incarceration program. We disagree. The trial court was well within its discretion when it denied Steele's participation in the challenge incarceration program.

## FACTS

¶ 2. On March 7, 2000, Steele was convicted of two counts of manufacturing/delivering cocaine, contrary to WIS. STAT. §§ 961.16(2)(b) and 961.41(1)(cm)1 (1999–2000),[1] after guilty pleas. On April 6, 2000, Steele was sentenced on Count 2 to a six-year prison term and five years of extended supervision. On Count 1, the trial court withheld sentence and Steele was placed on probation for eight years, consecutive to the sentence in Count 2. The trial court determined that Steele was not eligible for the challenge incarceration program, pursuant to WIS. STAT. §§ 302.045 and 973.01(3m), because of the seriousness of his offense.

¶ 3. Steele filed a motion for postconviction relief; he argued that the finding of ineligibility for the challenge incarceration program constituted error by the trial court. The trial court denied this postconviction motion on April 6, 2000. Steele appeals this order.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## DISCUSSION

¶ 4. The essence of Steele's appeal is that the trial court misinterpreted and misapplied WIS. STAT. §§ 973.01(3m) and 302.045, the statutes governing the challenge incarceration program. Statutory construction presents a question of law which we review independently. *West Bend Mut. Ins. Co. v. Berger,* 192 Wis. 2d 743, 750, 531 N.W.2d 636 (Ct. App. 1995). If the language of the statutes is unambiguous, we must give the language its ordinary and accepted meaning. *State v. Crowe,* 189 Wis. 2d 72, 76, 525 N.W.2d 291 (Ct. App. 1994).

¶ 5. Steele contends that under WIS. STAT. § 302.045, he is either eligible or ineligible for the challenge incarceration program, and the court determines eligibility solely under the criteria of the statute without utilizing its own discretion. Steele's argument directly contradicts the plain language of WIS. STAT. §§ 302.045 and 973.01.

¶ 6. WISCONSIN STAT. § 973.01 is Wisconsin's "Truth-In-Sentencing" law, created by the Wisconsin legislature in 1997. 1997 Wis. Act 283, § 419. Section 973.01 replaces indeterminate sentencing with a determinate sentencing system where the sentencing court must impose a bifurcated sentence on any offender sentenced to prison after a felony conviction. Sec. 973.01(1). A bifurcated sentence consists of an initial prison term of at least one year, followed by a term of extended supervision. *Id.* Under both the old indeterminate and new determinate sentencing systems, certain youthful offenders may participate in the chal-

lenge incarceration program, commonly known as "boot camp." WIS. STAT. § 302.045.[2]

¶ 7. WISCONSIN STAT. § 302.045, addressing the boot camp program, states in relevant part:

> **(2)** PROGRAM ELIGIBILITY. Except as provided in sub. (4), the department may place any inmate in the challenge incarceration program if the inmate meets all of the following criteria:
>
> (a) The inmate volunteers to participate in the program.
>
> (b) The inmate has not attained the age of 30, as of the date the inmate will begin participating in the program.
>
> (c) The inmate is incarcerated regarding a violation other than a crime specified in ch. 940 or s. 948.02, 948.025, 948.03, 948.05, 948.055, 948.06, 948.07, 948.08 or 948.095.
>
> (cm) *If the inmate is serving a bifurcated sentence·imposed under s. 973.01, the sentencing court decided under s. 973.01(3m) that the inmate is eligible for the challenge incarceration program.*
>
> (d) The department determines, during assessment and evaluation, that the inmate has a substance abuse problem.
>
> (e) The department determines that the inmate has no psychological, physical or medical limitations that would preclude participation in the program. (Emphasis added.)

Thus, in addition to the department of corrections' eligibility requirements, an additional eligibility

---

[2] Steele entered pleas of guilty on two counts of delivery of cocaine base, contrary to WIS. STAT. § 961.41(1)(cm)1, offenses which occurred on December 30, 1999, and January 4, 2000, respectively. Count 1 was subject to the earlier indeterminate sentencing system, while Count 2 was subject to the new determinate sentencing system.

requirement is that the sentencing court determine that, pursuant to WIS. STAT. § 973.01(3m), the offender is eligible for boot camp.

¶ 8. WISCONSIN STAT. § 973.01(3m) states:

CHALLENGE INCARCERATION PROGRAM ELIGIBILITY. When imposing a bifurcated sentence under this section on a person convicted of a crime other than a crime specified in ch. 940 or s. 948.02, 948.025, 948.03, 948.05, 948.055, 948.06, 948.07, 948.08 or 948.095, the court shall, *as part of the exercise of its sentencing discretion,* decide whether the person being sentenced is eligible or ineligible for the challenge incarceration program under s. 302.045 during the term of confinement in prison portion of the bifurcated sentence. (Emphasis added.)

The language of WIS. STAT. §§ 302.045(2) and 973.01(3m) is plain. The sentencing judge must first determine whether the offender meets the preliminary criteria of § 302.045(2) regarding voluntariness, age, nature of offense, substance abuse issues, and absence of psychological, physical or medical limitations. Then the court must determine, exercising its own sentencing discretion, whether an offender who already meets the § 302.045 specified criteria is eligible for boot camp. Sec. 973.01(3m). Even if the offender meets all of the department's eligibility requirements under § 302.045(2), the trial court has the discretion under § 973.01(3m) to declare an offender ineligible for boot camp.

█

¶ 9. The phrase "exercise of sentencing discretion" is well understood under Wisconsin law and needs no explanation. The sentencing court is required to exercise its discretion to create a sentence within the range provided by the legislature which reflects the

circumstances of the situation and the particular characteristics of the offender. *State v. Borrell*, 167 Wis. 2d 749, 765, 482 N.W.2d 883 (1992).

■

¶ 10. When imposing a sentence, the trial court must consider the gravity of the offense, the offender's character and the public's need for protection. *State v. Thompson*, 172 Wis. 2d 257, 264, 493 N.W.2d 729 (Ct. App. 1992). The weight given to any of these factors is left to the trial court's broad discretion. *Id*. A trial court misuses its discretion when it fails to state the relevant and material factors that influenced its decision, relies on immaterial factors, or gives too much weight to one factor in the face of other contravening factors. *Id*. Furthermore, a trial court exceeds its discretion as to the length of the sentence only when the sentence is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *Id*. (citation omitted).

■

¶ 11. Here, while the trial court considered boot camp, it decided that boot camp was inappropriate for Steele "due to the seriousness of the offenses." The trial court's decision to deny Steele placement in boot camp was based upon an appropriate sentencing factor, the gravity of the offenses, and we cannot say that its refusal to sentence Steele to boot camp is so "unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *Id*. We conclude that the trial court did not misuse its sentencing discretion

when it disallowed Steele's participation in the challenge incarceration program.

## CONCLUSION

¶ 12. While an offender must meet the eligibility requirements of WIS. STAT. § 302.045(2) to participate in the challenge incarceration program, pursuant to WIS. STAT. § 973.01(3m), the trial court must also determine if the offender is eligible for the program, in the exercise of its sentencing discretion. Here, the trial court determined that despite Steele's qualifications under § 302.045(2), the seriousness of his offenses precluded his participation in the program. We cannot say that this constituted a misuse of the trial court's broad sentencing discretion. We therefore affirm the order of the trial court.

*By the Court.*—Order affirmed.