PER CURIAM.
¶ 1 Altherelle Robbins appeals from a judgment convicting him of first-degree recklessly endangering safety and possessing cocaine with intent to deliver and from an order denying his postconviction motion seeking resentencing. We affirm the circuit court's discretionary decision to deny the request to adjourn sentencing and we affirm the sentence.
Adjournment
¶ 2 The circuit court denied Robbins's request to adjourn the sentencing. Sentencing was originally scheduled for December 7, 2015, but that hearing had to be rescheduled because Robbins was not produced from prison. At the adjourned sentencing date, February 12, 2016, the circuit court permitted Robbins's trial counsel to withdraw because of attorney-client conflict. Before withdrawing, counsel noted that incoming counsel would have to address issues relating to a pending revocation of Robbins's extended supervision and probation and investigate whether Robbins faced two or seven years in the revocation proceedings. The court adjourned sentencing to March 4 with a warning that not too much more time should pass before sentencing. On March 4, newly appointed counsel moved the court to adjourn for one week so that he would have a further opportunity to meet with Robbins in the jail. The court granted the motion.
¶ 3 On March 11, Robbins sought another adjournment because counsel needed more time to investigate whether Robbins's seven-year revocation period was correctly calculated. Noting the delay since December 7, the date originally set for sentencing, and its willingness to assume the "worst case scenario" of seven years of revocation time, which would favor Robbins if later reduced, the court declined to adjourn. The circuit court followed through at sentencing when it acknowledged the revocation term and assumed that Robbins would receive the maximum available seven years.
¶ 4 Whether to grant an adjournment is discretionary with the circuit court. State v. Leighton , 2000 WI App 156, ¶ 27, 237 Wis. 2d 709, 616 N.W.2d 126. A party challenging the denial of an adjournment must prove actual prejudice arising from that decision. L.M.S. v. Atkinson , 2006 WI App 116, ¶ 19, 294 Wis. 2d 553, 718 N.W.2d 118. Because Robbins cannot show prejudice, we need not address other arguments Robbins makes about the circuit court's allegedly erroneous decision to deny an adjournment.
¶ 5 The focus of Robbins's adjournment request was his interest in confirming the revocation term he faced. The circuit court addressed that issue by agreeing to assume for purposes of sentencing that Robbins would receive a seven-year revocation term, the maximum term Robbins claimed he faced. We are not persuaded that under the circumstances of this case, the court's assumption at sentencing prejudiced Robbins. We conclude that the circuit court's refusal to adjourn sentencing was not a misuse of discretion.
Sentencing
¶ 6 Robbins next argues that the circuit court improperly considered privileged attorney-client communications at sentencing. For this reason, Robbins sought resentencing. In declining to resentence, the circuit court found that information about attorney-client communications came before the court as part of the grounds for Attorney Conner's successful motion to withdraw.[1] The circuit court noted that while it referred generally at sentencing to the attorney-client conflict, the court made clear that the specifics of the conflict were not of concern, except to the extent that the conflict illustrated Robbins's attempt to manipulate the facts in the case and minimize his culpability and responsibility for the offenses to which he pled guilty.[2]
¶ 7 The record bears out the circuit court's focus at sentencing. The court focused on Robbins's character, his extensive prior criminal history, his refusal to accept responsibility for his conduct, his lack of credibility with regard to his explanations for his conduct, the gravity of the offenses, and the need to protect the public. The weight of these considerations was for the circuit court to decide. State v. Steele , 2001 WI App 160, ¶ 10, 246 Wis. 2d 744, 632 N.W.2d 112. The sentence was a proper exercise of sentencing discretion. State v. Ziegler , 2006 WI App 49, ¶¶ 22-23, 289 Wis. 2d 594, 712 N.W.2d 76.
¶ 8 Robbins cannot meet his burden to prove by clear and convincing evidence that the circuit court actually relied upon improper or irrelevant factors at sentencing. State v. Alexander , 2015 WI 6, ¶ 17, 360 Wis. 2d 292, 858 N.W.2d 662.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

The motion to withdraw stated that Robbins alleged that Attorney Conner lied to him and made false promises to induce him to enter guilty pleas.

Because the circuit court stated that it was not concerned with the specifics of the attorney-client conflict, we decline to address whether the attorney-client communications disclosed to the circuit court were privileged.