# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 5, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2021AP1818-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF4787

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JASEN RANDHAWA,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.  Jasen Randhawa appeals the judgment, entered on his guilty pleas, convicting him of three counts of second-degree reckless homicide and one count of second-degree reckless injury.  He also appeals the order denying his postconviction motion for resentencing.  We affirm.

## I. BACKGROUND

¶2   According to the criminal complaint, at approximately 2:34 a.m. on October 23, 2016, Randhawa's vehicle ran a red light and crashed into the driver's side of an Uber vehicle.  Randhawa's vehicle crash data recorder indicated he was traveling 63 mph just prior to impact, which was more than twice the posted speed limit.  Three women who were passengers in the back seat of the Uber vehicle were killed, and the driver was seriously injured.  Witnesses told police that Randhawa and his passenger fled the scene on foot.

¶3   The complaint relayed the contents of two different videos, taken during cab rides in the hours after the accident, during which Randhawa discussed making a false allegation that his car had been stolen in order to avoid responsibility for the crash.  The complaint additionally alleged that Randhawa's license was revoked at the time of the crash as a result of a 2015 conviction for operating while intoxicated.  According to the complaint, Randhawa had one prior conviction for operating after revocation.

¶4   The State charged Randhawa with twelve offenses:  three counts of second-degree reckless homicide; one count of second-degree reckless injury; three counts of hit and run involving death; one count of hit and run involving great bodily harm; three counts of operating a motor vehicle while revoked causing death; and one count of operating a motor vehicle while revoked causing great bodily harm.

2

¶5 Randhawa ultimately pled guilty to three counts of second-degree reckless homicide and one count of second-degree reckless injury causing great bodily harm. The other charges were dismissed and read in at sentencing. The circuit court imposed consecutive fifteen-year prison terms with initial periods of confinement of eleven years on the second-degree reckless homicide charges and a consecutive ten-year prison term with six years of initial confinement on the charge of second-degree reckless injury. The total sentence of fifty-five years requires Randhawa to serve thirty-nine years of initial confinement followed by sixteen years of extended supervision.

¶6 Postconviction, Randhawa sought resentencing. He argued that his sentences were based on inaccurate information and improper factors. Additionally, Randhawa claimed that the circuit court erred when it imposed consecutive sentences without explaining its reasons for doing so. The circuit court denied the motion without a hearing.

## II. DISCUSSION

¶7 On appeal, Randhawa continues to challenge his sentences. Sentencing is left to the broad discretion of the circuit court, subject to review only for an erroneous exercise of that discretion. *See* **State v. Gallion**, 2004 WI 42, ¶¶17, 39, 270 Wis. 2d 535, 678 N.W.2d 197. A court properly exercises its sentencing discretion when it relies on a "process of reasoning ... reasonably derived by inference from the record" and reaches conclusions "founded upon proper legal standards." **Ocanas v. State**, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). Because circuit courts are presumed to have acted reasonably, as there is a strong policy against interference with the court's discretion, the complainant must show by clear and convincing evidence some unreasonable or unjustifiable basis

on the record to demonstrate an erroneous exercise of discretion. *See id.* at 183-84; *see also **State v. Harris***, 2010 WI 79, ¶34, 326 Wis. 2d 685, 786 N.W.2d 409; ***Gallion***, 270 Wis. 2d 535, ¶18.

¶8 Randhawa frames portions of his argument as implicating his due process right to be sentenced upon accurate information. This court independently reviews the constitutional issue of whether a defendant has been denied his due process right to be sentenced upon accurate information. ***State v. Tiepelman***, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.

¶9 "A defendant who requests resentencing due to the circuit court's use of inaccurate information at the sentencing hearing must show both that the information was inaccurate and that the court actually relied on the inaccurate information in the sentencing." *Id.*, ¶26 (citation and one set of quotation marks omitted). Actual reliance generally requires that the sentencing court gave "explicit attention" or "specific consideration" to the inaccurate information and that the inaccurate information "formed part of the basis for the sentence." ***State v. Travis***, 2013 WI 38, ¶28, 347 Wis. 2d 142, 832 N.W.2d 491 (citation omitted). Here again, the defendant must establish this reliance "by clear and convincing evidence." *Id.*, ¶22. If the defendant shows that the court actually relied upon inaccurate information at sentencing, the burden shifts to the State to prove that the error was harmless. *Id.*, ¶23.

¶10 With these standards in mind, we will analyze Randhawa's claims as to how the circuit court erred at sentencing.

**A.** *The circuit court properly considered information provided by private counsel retained by the family of one of the victims.*

¶11    Randhawa argues that the circuit court considered misleading and prejudicial information provided by a private attorney for one of the victims who, according to Randhawa, improperly inserted himself into the role of prosecutor. He claims that the circuit court's consideration—over Randhawa's objection—of the materials and information provided by private counsel violated long-standing public policy and statutes precluding private prosecution.

¶12    The State does not challenge the core proposition that private counsel may not prosecute a case. *See generally* **State v. Peterson**, 195 Wis. 351, 355-56, 218 N.W. 367 (1928) ("In the prosecution of criminal actions, the district attorney prosecutes for public wrongs, not for private wrongs, and such prosecution should be by a public officer, and not a private party. This court … has declared it to be the public policy of the state."). Instead, the State's position is that that is not what happened here. The State contends that private counsel merely advised the circuit court of the position of one of the victim's families as to sentencing.

¶13    The parties agree that crime victims in Wisconsin have the right to "have the court provided with information pertaining to the economic, physical and psychological effect of the crime upon the victim and have the information considered by the court." WIS. STAT. § 950.04(pm) (2021-22)[1]; *see also* WIS. CONST. art. I § 9m(2)(j); **Gallion**, 270 Wis. 2d 535, ¶65. The parents of a

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

deceased person are "victims" within the meaning of Wisconsin's Constitution. *See* WIS. CONST. art. I § 9m(1)(a)2.

¶14    Randhawa claims that private counsel's submission went far beyond simply advising the court of the victim's family's position on sentencing. He contends that the submission included misleading information about both the police investigation into the crash and Randhawa's history. Randhawa challenges private counsel's assessment of Randhawa's "braggadocio" in a Facebook post, as well as the allegation that Randhawa was street racing at the time of the crash and that Randhawa declined to answer questions from police about it.

¶15    Private counsel's submission to the court, which was offered *after Randhawa pled guilty and after his sentencing exposure was set*, made clear that he was expressing the position of the victim's family. We agree with the State that an attorney providing that information to a circuit court no more prosecutes a case than does a crime victim delivering a statement at a sentencing hearing. Such involvement does not amount to a violation of the public policy against private party involvement in a criminal prosecution.

¶16    While Randhawa may have disagreed with the descriptions used by private counsel, they amounted to subjective value judgments and assessments of the circumstances surrounding the accident offered to support the sentencing request by the victim's family—value judgments and assessments the circuit court was free to reject. Randhawa was not entitled to resentencing on this basis.

**B. *The circuit court properly considered general deterrence as a significant factor in calculating Randhawa's sentence.***

¶17    Randhawa additionally claims that the circuit court relied on inaccurate information at sentencing. Specifically, Randhawa contends that the

circuit court relied on general deterrence as a primary reason for imposing the fifty-five-year sentence and wrongly assumed that others would be deterred by the extreme sentence. He argues that it is widely accepted in social science that general deterrence is not accomplished by long sentences and that long sentences do not make for fewer crime victims by deterring others from committing crimes.

¶18 Randhawa is not arguing that general deterrence is an improper factor for a circuit court to consider in sentencing a defendant. Indeed, far from being improper, the law is settled that "deterrence to others" is a proper sentencing objective. *See Gallion*, 270 Wis. 2d 535, ¶40. Although "general deterrence" should not be the "*sole* aim in imposing sentence," *United States v. Barker*, 771 F.2d 1362, 1368 (9th Cir. 1985), what weight to give it among relevant sentencing factors in a particular case is left to the sentencing court's "wide discretion." *State v. Leighton*, 2000 WI App 156, ¶52, 237 Wis. 2d 709, 616 N.W.2d 126. A court errs in this endeavor only if it "gives too much weight to one factor in the face of other contravening factors." *State v. Steele*, 2001 WI App 160, ¶10, 246 Wis. 2d 744, 632 N.W.2d 112.

¶19 Randhawa contends that the circuit court's belief that a lengthy sentence might deter others who would drive drunk involved reliance on inaccurate information about the deterrent effect of sentences on other would-be drunk drivers. He argues that the circuit court relied on inaccurate information because his lengthy sentence is "certain to be completely ineffective for its stated purpose" as "individual severe sentences, especially in non-intentional crimes involving impairment or recklessness, cannot be expected to deter others."

¶20 The sources Randhawa relies on, which include an expert's opinion and citations to journal articles, cannot define the bounds of a constitutionally

7

appropriate sentence. *See generally* **State v. Roberson**, 2019 WI 102, ¶¶37-38, 389 Wis. 2d 190, 935 N.W.2d 813 (holding that "social science research cannot be used to define the meaning of a constitutional provision" and adding that "[i]t is the legislature that is structured to assess the merits of competing policies and ever-changing social science assertions"). In its decision resolving Randhawa's postconviction motion, the circuit court noted: "The differing view of an expert does not render the court's determination inaccurate." We agree. Differing opinions about the circuit court's sentencing objective of general deterrence does not constitute inaccurate information so as to allow for resentencing under *Tiepelman*.

¶21 Moreover, established precedent accepts general deterrence as a valid sentencing objective for cases involving defendants who commit drunk driving offenses. *See, e.g.*, **Gallion**, 270 Wis. 2d 535, ¶61 (explaining that part of the circuit court's reasoning behind the defendant's sentence was society's "interest in punishing [the defendant] so that his sentence might serve as a general deterrence against drunk driving"); *see also* **State v. Whitaker**, 2021 WI App 17, ¶33, 396 Wis. 2d 557, 957 N.W.2d 561 (citing **Gallion** for the aforementioned proposition). Randhawa's claim that the circuit court violated his due process rights by relying on inaccurate information in this regard fails.

**C. *The circuit court did not give undue weight to improper factors by imposing a sentence at odds with Randhawa's evidence showing sentences imposed in other vehicular homicide cases.***

¶22 Next, Randhawa argues that the circuit court gave undue weight to improper factors when it sentenced him. He claims the circuit court refused to consider his evidence of sentences in comparable cases and asserts that "[n]o sentence in the 30 cases documented came close to the 39 years of initial

confinement ordered here." According to Randhawa, the "virtual life sentence" he received "was both unusual and extremely harsh." He asserts that the circuit court improperly relied on the "charged emotional environment of the sentencing hearing."

¶23 We begin by noting that individualized sentencing has been a cornerstone of Wisconsin's criminal justice jurisprudence because no two convicted felons stand before the sentencing court on identical footing and no two cases will present identical factors. *See Gallion*, 270 Wis. 2d 535, ¶48. Insofar as Randhawa relies on *State v. Counihan*, 2020 WI 12, 390 Wis. 2d 172, 938 N.W.2d 530, for the proposition that a court "may … consider information about the distribution of sentences in cases similar to the case before it," the decision does not suggest that a sentencing court erroneously exercises its discretion by electing *not* to consider sentences in other cases. *Id.* ¶43 (citation omitted).

¶24 Randhawa's reliance on *In re Judicial Admin. Felony Sentencing Guidelines*, 120 Wis. 2d 198, 353 N.W.2d 793 (1984) (per curiam), is similarly misplaced. In that case our supreme court declined the legislature's request to promulgate felony sentencing guidelines and stated that it would not interfere with circuit courts' sentencing discretion "by requiring judges to consider how convicted felons have been treated in other Wisconsin courts[.]" *Id.* at 202-03.

¶25 Randhawa has not shown by clear and convincing evidence that the circuit court relied on an improper factor—i.e., the charged emotional environment—when it sentenced him. Rather, the record reflects that the circuit court exercised its discretion *not* to consider the other cases that Randhawa contended were comparable. Randhawa engaged in reckless behavior that he knew was illegal, which resulted in the deaths of three innocent people and serious

injuries to a fourth. He then fled from the scene and initially sought to cover up the crimes. Randhawa agreed to a plea deal that included a recommendation for a thirty-five to forty-year period of initial confinement by the State and ultimately received a sentence of initial confinement time within that range. We are not convinced that this was unduly harsh. *See* ***State v. Davis***, 2005 WI App 98, ¶15, 281 Wis. 2d 118, 698 N.W.2d 823 (holding that a sentence is unduly harsh only if the length of the sentence imposed by a trial court is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances" (citation omitted)).

¶26     Randhawa has not satisfied his burden of showing that the circuit court relied on an improper factor when it sentenced him. Like the ones before it, this claim fails.

### D. *The circuit court did not erroneously exercise its discretion by imposing consecutive terms of imprisonment.*

¶27     Lastly, Randhawa argues that the circuit court erroneously exercised its discretion when it did not explain why it imposed consecutive rather than concurrent sentences. Given that all of the charges related to one reckless act by the defendant, Randhawa claims the rationale for concurrent sentences is strong.

¶28     In sentencing Randhawa, the circuit court discussed the "ripples" of effect that Randhawa's actions had. The circuit court specifically mentioned the separate and distinct effects that Randhawa had on each of the four victims and their families. The circuit court also noted in its order denying Randhawa's postconviction motion, its decision to sentence Randhawa to consecutive terms was based on the same factors warranting the overall length of the sentence. The

circuit court explained that it had structured the sentence to "account for the separate harms to each of the separate victims." *See **State v. Stenzel***, 2004 WI App 181, ¶22, 276 Wis. 2d 224, 688 N.W.2d 20 (affirming a sentencing involving consecutive terms in an OWI homicide case with multiple victims). "To impose anything less than consecutive sentences in this case," the court continued, "would unduly depreciate the profound, life-long and life-*ending* impact the defendant's conduct had on the four separate victims and their families." These remarks provide a "rational and explainable basis" for the sentences imposed. *See **Gallion***, 270 Wis. 2d 535, ¶39 (citation omitted); *see also **State v. Fuerst***, 181 Wis. 2d 903, 915, 512 N.W.2d 243 (Ct. App. 1994) (explaining that a postconviction motion challenging a sentence affords the circuit court an opportunity to further explain the sentencing rationale).

¶29 We conclude that the court properly exercised its discretion when it imposed consecutive rather than concurrent sentences.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.